**Ex parte Terry LANDRY.**

**No. 04–96–00380–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 13, 1996.

Michael C. Gross, San Antonio, for Appellant.

E. Bruce Curry, District Attorney, Kerrville, for Appellee.

Before CHAPA, C.J., and STONE and DUNCAN, JJ.

## OPINION

STONE, Justice.

This is an appeal from an order entered in a habeas corpus proceeding in which the trial court reduced appellant's bail from $1,000,-000 to $300,000. Appellant, Terry Landry ("Landry"), contends on appeal that the bail is still excessive.

 During oral argument, Landry's counsel admitted that Landry had made the reduced bail as asserted in the State's brief. Nevertheless, Landry is still under restraint for habeas corpus purposes. *Ex parte Armes*, 582 S.W.2d 434, 437 (Tex.Crim.App. 1979); *Nguyen v. State*, 882 S.W.2d 471, 472 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Landry is not required to show that he was unable to furnish the reduced bail in order to appeal the trial court's decision. *Ex*

*parte Prelow,* 929 S.W.2d 54, 56 n. 2 (Tex. App.—San Antonio 1996, no pet. h.); *see also Ex parte Penagos,* 810 S.W.2d 796, 797 (Tex. App.—Houston [1st Dist.] 1991, no pet.). Therefore, we consider the merits of Landry's complaint.

█ A person seeking a reduction in bail has the burden of showing that the amount set is excessive. *Ex parte Rubac,* 611 S.W.2d 848, 849 (Tex.Crim.App.1981); *Eggleston v. State,* 917 S.W.2d 100, 102 (Tex. App.—San Antonio 1996, no pet. h.). Article 17.15 of the Texas Code of Criminal Procedure lists five factors courts must consider in determining the appropriate amount of bail. TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1996). "Because there is no recognized standard of review for bail reduction cases," we review the evidence before the trial court in light of these same factors. *Ex parte Prelow,* 929 S.W.2d at 55.

█ First, the bail must be sufficiently high to give reasonable assurance that the undertaking will be complied with. Landry has lived in Daisetta, Texas his entire life. Landry resides in one of the houses located on his father's property valued at approximately $170,000; however, Landry personally has no assets.

Second, the power to require bail is not to be used so as to make it an instrument of oppression. Landry's father testified that he only had $10,000 cash on hand "or maybe a few thousand more;" however, Landry was able to make the reduced bail.

Third, the nature of the offense and the circumstances under which it was committed are considered. Landry is accused of murder. Landry denies any involvement in the offense; however, the victim was last seen in Landry's truck, Landry's truck had what appeared to be blood, tissue and bone fragments on the passenger side door and floorboard and a dental cap from a tooth was located on the floorboard. The victim's cause of death was determined to be a single shot from a shotgun, and the medical examiner determined that the dental cap found on Landry's floorboard matched one of the victim's teeth. A shotgun previously seen in Landry's truck was missing.

Fourth, the ability to make bail is to be regarded, and proof may be taken upon this point. Landry was able to make the reduced bail.

Fifth, the future safety of a victim of the alleged offense and the community shall be considered. Although Landry did not have a criminal record, there was no evidence as to whether Landry had a violent nature.

After considering the foregoing, the trial court believed that a reduction in the bail was warranted; however, the trial court also determined that $300,000 was the amount necessary to secure Landry's appearance at the trial of his case. In light of the evidence presented, particularly the violent nature of the crime and Landry's ability to make the reduced bail, we affirm.