**Ex parte Jeffrey Lee WOOD.**

Nos. 04–97–00008–CR, 04–97–00009–CR.

Court of Appeals of Texas,
San Antonio.

July 16, 1997.

Rehearing Overruled July 16, 1997.

Scott F. Monroe, Kerrville, for appellant.

E. Bruce Curry, District Attorney, Margaret R. Whitbeck, Student Attorney, Kerrville, for appellee.

Before STONE, DUNCAN and ANGELINI, JJ.

## OPINION

STONE, Justice.

The appellant, Jeffrey Lee Wood, appeals the trial court's order denying a reduction in bonds set at $450,000. Although we deny the State's motion for rehearing, we withdraw our opinion of June 4, 1997, and substitute this one in its place to detail the contents of

Wood's voluntary statement. We hold the bail excessive, reverse the trial court's order, and reduce Wood's bail to $50,000 in his capital murder case and to $20,000 in his aggravated robbery case.

## Background

Wood was indicted with capital murder and with an unrelated aggravated robbery. Initially, he was held without bail on both charges, but bond was later set on the aggravated robbery at $100,000. Wood then filed an application for writ of habeas corpus, and the trial court granted bond on the capital murder charge at $350,000. Wood filed a second application for writ of habeas corpus, seeking a bond reduction in both cases. The trial court denied the requested relief, and Wood appealed asking that we reduce bond to $25,000 in the capital murder case and to $10,000 in the aggravated robbery case.

## Discussion

■■■■ In six points of error, Wood contends the trial court erred in setting excessive bonds. We review the trial court's decision with the abuse of discretion standard.[1] *Smith v. State*, 829 S.W.2d 885, 887 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *Mora v. State*, 773 S.W.2d 629, 631 (Tex. App.—Corpus Christi 1989, no pet.); *see also* TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1997) (giving the trial court discretion to set the amount of bail); *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex.Crim.App.1996) (explaining abuse of discretion). We note that Wood must show the amount to be excessive under the five factors listed in article 17.15 of the Texas Code of Criminal Procedure. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App.1981); *Eggleston v. State*, 917 S.W.2d 100, 102 (Tex.App.—San Antonio 1996, no pet.); TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1997).

■■■■ First, bail must be sufficiently high to reasonably assure the undertaking's comple-

tion, that is, appearance at trial. TEX.CODE CRIM. PROC. ANN. art. 17.15(1) (Vernon Supp. 1997). Despite the three evidentiary hearings held in the trial court, there is no evidence of Wood's current residence, work history, or ties to the community; however, his father testified that his son could live with him and that he would ensure his son's appearance. Wood's father also testified that Wood did not pose a flight risk. Additionally, the evidence showed that Wood had successfully completed the terms and conditions of misdemeanor probation.

Second, bail should not be used as an instrument of oppression. TEX.CODE CRIM. PROC. ANN. art. 17.15(2) (Vernon Supp.1997). Wood's attorney asked the trial court to take judicial notice of another murder case where the defendant received a $25,000 bond. No evidence was introduced about Wood's co-defendant in the murder case.

Third, we consider the nature of the offense and the circumstances under which it was committed. TEX.CODE CRIM. PROC. ANN. art. 17.15(3) (Vernon Supp.1997). The evidence showed that the aggravated robbery involved the use of a pellet gun; no further details were introduced. The unrelated capital murder involved a firearm. Specifically, Wood's confession[2] indicates that he and a friend, Danny Reneau, joked about robbing a gas station with another friend, who was the cashier at the station. Wood and Reneau decided to actually rob the store while their friend was on duty. Wood remained in his truck while Reneau went inside. Wood said he thought the cashier would voluntarily give them the money from the store's safe. When Wood heard a gunshot, he went inside, saw the cashier covered in blood, and assumed he had been killed. Wood then took the safe and VCR at Reneau's instructions. The pair drove back to Wood's house where they watched the security tape on the VCR and broke into the safe. They then went on a

---

1. We previously held that "there is no recognized standard of review for bail reduction cases." *See, e.g., Ex parte Landry*, 936 S.W.2d 27, 28 (Tex.App.—San Antonio 1996, no pet.); *Ex parte Prelow*, 929 S.W.2d 54, 55 (Tex.App.—San Antonio 1996, no pet.).

2. Wood's confession was admitted as an exhibit at the first bond hearing but was withdrawn from evidence. The confession was ordered sealed at the second hearing, and the parties jointly asked this Court to consider it.

buying spree, purchasing a car, stereo speakers, and an amplifier.

Fourth, we consider the ability to make bail. TEX.CODE CRIM. PROC. ANN. art. 17.15(4) (Vernon Supp.1997); *see also Esquivel v. State*, 922 S.W.2d 601, 603 (Tex.App.—San Antonio 1996, no pet.) (finding this factor relevant but not dispositive). Wood testified that he contacted twenty-three bonding agencies and that it would cost $5,500 to $6,500 to post the $100,000 bond and an additional $20,000 to $30,000 to post the $350,000 bond. He said that he and his family could only raise $10,000 cash; they had no nonexempt property to use as collateral. Wood also indicated that a bond in a third, as-yet-unindicted case was set at $25,000.

Fifth, we consider the future safety of the victim of the alleged offense and the community at large. TEX.CODE CRIM. PROC. ANN. art. 17.15(5) (Vernon Supp.1997). No evidence about the victim in the aggravated robbery was introduced; the victim in the capital murder case was killed. Regarding the future safety of the community, the investigating officer testified that Wood had no prior felonies and no prior history of violent crime. Wood's father testified that Wood suffered from attention deficient disorder, was operating at the fourth or fifth grade level, did not understand the consequences of his actions, and was easily influenced by third parties.

In addition to the statutory elements, we must also consider the gravity of the crime and the severity of the penalty "even though the appellant is charged as a co-conspirator or accomplice and not as the person who pulled the trigger." *Ex parte Clark*, 635 S.W.2d 202, 204 (Tex.App.—San Antonio 1982, no pet.) (reducing $150,000 bond each for capital murder and attempted capital murder to $50,000 each). The crimes in these appeals are serious, and one carries the possibility of the death penalty. However, the evidence also shows that Wood poses little flight risk, is not a danger to the victim or community, and cannot afford the bonds totaling $450,000. Only in rare circumstances would such amounts be justified. *See, e.g., Wisenbaker v. State*, 782 S.W.2d

534, 536 (Tex.App.—Houston [14th Dist.] 1989, no pet.) ($200,000 was not excessive where defendant did not show funds exhausted, continued illegal activity, and threatened to flee); *O'Neill v. State*, 635 S.W.2d 166, 167 (Tex.App.—Houston [1st Dist.] 1982, no pet.) ($100,000 was not excessive where defendant in child assault and murder case had no ties to the community). Thus, in 1980, the Court of Criminal Appeals reduced an appeal bond in an armed robbery case from $250,000 to $50,000. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex.Crim.App. [Panel Op.] 1980); *see also Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim.App.1977) (reducing $100,000 bond to $20,000 for indigent capital murder defendant who admitted driving getaway car). More recently, this Court reduced an appeal bond from $100,000 to $25,000 for a defendant convicted of driving while intoxicated. *Perez v. State*, 897 S.W.2d 893, 898 (Tex. App.—San Antonio 1995, no pet.); *see also Ex parte Bell*, 784 S.W.2d 577, 579 (Tex. App.—Houston [1st. Dist.] 1990, pet. ref'd, untimely filed) (reducing appeal bond from $150,000 to $10,000 in case involving burglary of a habitation with intent to commit sexual assault).

## Conclusion

Based on these facts, we hold that the trial court abused its discretion in assessing bail at $350,000 in Wood's capital murder case and $100,000 in his aggravated robbery case. *See Ex parte McDonald*, 852 S.W.2d 730, 735 (Tex.App.—San Antonio 1993, no pet.) (reducing $1 million bond to $75,000 for capital murder charge); *Smithwick v. State*, 880 S.W.2d 510, 512 (Tex.App.—San Antonio 1994, no pet.) (reducing $500,000 to $50,000 for charges of murder and injury to a child). We sustain Wood's points of error and reverse the trial court's order denying habeas corpus relief. The relief sought is granted to the extent that Wood's bail is ordered reduced to $50,000 in the capital murder case and to $20,000 in the aggravated robbery case.