NO. 12-05-00288-CR
NO. 12-05-00289-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 
JEFF DOYAL ROBERTSON,                          §                 APPEAL FROM THE 294TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 VAN ZANDT COUNTY, TEXAS





MEMORANDUM OPINION DENYING REHEARING
            The State has filed a motion for rehearing, which is denied. However, we withdraw our
December 30, 2005 opinion and substitute the following opinion in its place. Jeff Doyal Robertson
appeals the trial court’s denial of his motions to reduce bond. In three issues, Appellant contends
the trial court abused its discretion in affirming the amount of bail in light of the evidence presented. 
We reverse and remand.
 
Background 
            On June 13, 2005, Appellant was indicted on one count of aggravated assault against a public
servant with a deadly weapon, a first degree felony.


 On the same date, Appellant was also indicted
on one count of “places weapons prohibited,” a third degree felony.


 The trial court set Appellant’s
bonds at $1 million for the aggravated assault charge and $100,000 for the weapons charge. 
Appellant moved for reduction of both bonds, contending that the bail was excessive, inappropriate
under the circumstances, and punitive in nature. Appellant claimed that he was indigent, although
he was represented by retained counsel. Appellant suggested that a bond of $50,000 for the
aggravated assault charge and $5,000 for the weapons charge would be sufficient to secure his
presence before the court to answer these charges.
            The trial court conducted a hearing on both bond reduction motions. Appellant’s wife, Carol,
was the sole witness. For the hearing only, the trial court admitted, as one exhibit, sixty-one letters
to Appellant or in support of Appellant. The trial court found that Appellant failed to meet his
burden of proof and that his bond was not excessive on either charge. This appeal followed.

Reduction of Bond
            In three issues, which are identical in substance, Appellant contends that the trial court
abused its discretion in affirming the bail amount of $1,100,000 in light of the evidence properly
before it. Appellant argues that he carried his burden of proof that a reduction of his bail was
required after applying the appropriate factors and that the evidence was insufficient as a matter of
law to support the trial court’s decision. Additionally, Appellant contends that the trial court’s error
was in violation of various federal and state protections and rights. We will consider these issues
together.
Standard of Review
            The decision regarding a proper bail amount lies within the sound discretion of the trial court.
Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). Thus, we review a trial court’s refusal to
reduce pretrial bail under an abuse of discretion standard. Ex parte Wood, 952 S.W.2d 41, 42 (Tex.
App.–San Antonio 1997, no pet.). In determining whether the trial court abused its discretion, we
do not substitute our judgment for that of the trial court. Montgomery v. State, 810 S.W.2d 372,
379-80 (Tex. Crim. App. 1990). The purpose of our review is to determine whether the trial court’s
decision was made without reference to any guiding rules or principles of law, or in other words,
whether the decision was arbitrary or unreasonable. Id. at 380. An abuse of discretion occurs when
a trial court’s decision is so clearly wrong as to lie outside the zone of reasonable disagreement. Id.
at 391 (op. on reh’g).
Applicable Law
            With few exceptions, all persons accused of a crime in this state have a right to bail pending
trial. Tex. Const. art. I, § 11; Tex. Code Crim. Proc. Ann. art. 1.07 (Vernon 2005). The right to
bail is based on the presumption of innocence. Nguyen v. State, 881 S.W.2d 141, 143 (Tex.
App.–Houston [1st Dist.] 1994, no pet.). Excessive bail is prohibited by the Eighth Amendment to
the United States Constitution and by article I, section 13 of the Texas Constitution. U.S. Const.
amend. VIII; Tex. Const. art. I, § 13. The primary purpose of an appearance bond is to secure the
presence of the accused at trial on the offense charged. Ex parte Rodriguez, 595 S.W.2d 549, 550
(Tex. Crim. App. 1980). While bail should be sufficiently high to give reasonable assurances that
the accused will appear, the power to require bail should not be used as an instrument of oppression.
Ex parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). The burden is on the appellant to show
the bond amount is excessive. Ex parte Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim. App.
1980). 
            The Texas Legislature has established the following factors to be considered by the trial court
in setting pretrial bail:
 
              1.           The bail shall be sufficiently high to give reasonable assurance that the undertaking
will be complied with.
 
              2.           The power to require bail is not to be so used as to make it an instrument of
oppression.
 
              3.           The nature of the offense and the circumstances under which it was committed are
to be considered.
 
              4.           The ability to make bail is to be regarded, and proof may be taken upon this point.
 
              5.           The future safety of a victim of the alleged offense and the community shall be
considered.
 
Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). The nature of the offense and the
circumstances of its commission should be considered, and this necessarily involves the
punishment authorized by law. Ex parte Ivey, 594 S.W.2d at 99. Moreover, the ability of an
accused to post bond is merely one factor to be considered in determining the appropriate bail. 
Brown v. State, 11 S.W.3d 501, 504 (Tex. App.–Houston [14th Dist.] 2000, no pet.). A
defendant’s inability to meet the bond set by the trial court does not automatically render the bail
excessive. Id. 
            Other factors that may be considered include (1) work record; (2) family and community
ties; (3) length of residency; (4) prior criminal record; (5) conformity with previous bond
conditions; (6) other outstanding bonds; and (7) aggravating factors involved in the offense. Ex
parte Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981); Ex parte Milburn, 8 S.W.3d 422,
425 (Tex. App.–Amarillo 1999, no pet.). These considerations are also designed to gauge a
defendant’s flight risk potential. Ex parte Hulin, 31 S.W.3d 754, 761 (Tex. App.–Houston [1st
Dist.] 2000, no pet.). The factors to be considered in our review of a trial court’s decision are those
that are to be considered by the trial court in its initial determination of bail. Smith v. State, 829
S.W.2d 885, 887 (Tex. App.–Houston [1st Dist.] 1992, pet. ref’d). 
Analysis
            First, we note that Appellant does not separately argue his state and federal constitutional
claims or argue that the Texas constitutional protections differ in any significant way from those
protections or rights in the United States Constitution. To adequately brief a state constitutional
issue, Appellant must proffer specific arguments and authorities supporting his contentions under
the state constitution. Moore v. State, 935 S.W.2d 124, 128 (Tex. Crim. App. 1996); Lawton v.
State, 913 S.W.2d 542, 558 (Tex. Crim. App. 1995). Because Appellant failed to do so, we
consider Appellant’s federal constitutional claim only. See Jackson v. State, 992 S.W.2d 469, 475
n.8 (Tex. Crim. App. 1999); Johnson v. State, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992). 
            An appellant’s brief must contain a clear and concise argument for the contentions made,
with appropriate citation to authorities and to the record. Tex. R. App. P. 38.1(h). However,
Appellant’s argument regarding the violation of his federal constitutional protections and rights
is brief and conclusory and contains no citations to authorities. Appellant also fails to describe any
justification or reason for a determination that the trial court violated his federal constitutional
protections and rights by imposing the bond amounts. Accordingly, Appellant has waived this
issue. See Tex. R. App. P. 38.1(h). We therefore turn to the factors to be considered in setting
pretrial bail and set out the evidence in this case that relates to each factor. We assume, for
purposes of analysis, that the trial court considered the probable cause and arrest warrant affidavits
filed in its records.
1.         Reasonable assurance of appearance
            Carol testified that Appellant has lived the majority of his life in Canton, that she and
Appellant have been married for twenty-two years, that he is a partner in a business located near
his home, that he owns a home, and that he has family and friends in the community. Carol
testified that, if Appellant were released, he could live at home. She stated that Appellant’s father
lives in West Texas, but no evidence was presented showing that Appellant might flee to West
Texas. Carol also stated that Appellant has no relatives in Mexico or anyone willing to assist him
in fleeing the jurisdiction of the court. Carol testified that she would do whatever was necessary
to ensure Appellant’s appearance in court for any hearings or trial. This evidence does not support
a finding that Appellant is a flight risk. Therefore, this factor favors a bond reduction.
2.         Use of bail as an instrument of oppression
            As a general rule, bail is oppressively high if the amount is more than necessary to provide
reasonable assurance that the accused will appear in court. Ex parte McDonald, 852 S.W.2d 730,
732 (Tex. App.–San Antonio 1993, no pet.). Appellant was charged with aggravated assault
against a public servant with a deadly weapon. More specifically, the indictment alleged that
Appellant intentionally, knowingly, or recklessly (1) caused serious bodily injury to Gary Joe
Kinne, Jr. (2) by shooting him with a firearm (3) when Appellant knew that Kinne was a public
servant, i.e., an employee of the Canton Independent School District; (4) that Kinne was lawfully
discharging his official duties of Athletic Director by being present on the campus of the high
school when school was in session; and (5) that Appellant used or exhibited a deadly weapon, a
firearm, during the commission of the offense. 
            In a number of cases, courts in this state have concluded that bail of $1 million for murder
or capital murder was excessive. See, e.g., Ex parte Henson, 131 S.W.3d 645, 651 (Tex.
App.–Texarkana 2004, no pet.) ( holding that bonds of $750,000 on each count of capital murder
excessive because there was no evidence that defendant personally committed the violence, had
been previously charged with other crimes, was guilty of prior violent behavior, or intended or
anticipated the killings); Ex parte Davis, 147 S.W.3d 546, 553 (Tex. App.–Waco 2004, no pet.)
(determining that bail of $1,000,000 for each murder defendant was excessive because one
defendant had a minor criminal history and both defendants lacked financial resources to make bail
even though the second defendant could disregard bond conditions, posed a danger to the
community, engaged in narcotics trafficking, and had a prior criminal history); Ex parte Milburn,
8 S.W.3d at 423, 426-27 (holding bail of $2,000,000 excessive even though defendant was charged
with the capital offense of intentionally or knowingly causing the death of a child under six years
of age because defendant had significant community and family ties in the county, there was no
evidence that defendant posed a danger to the community, and he lacked the ability to post any
amount of bail). Because a number of the factors that persuaded the courts in these cases
predominate here, as explained more fully below, this factor favors a bond reduction on the
aggravated assault charge.
            Appellant was also charged with intentionally or knowingly possessing or going with a
firearm, i.e., a handgun, on the physical premises of a school and without written regulations or
written authorization of the school permitting this conduct. Courts have approved bail amounts
between $25,000 and $150,000 for third degree felonies. See Ex parte Durst, 148 S.W.3d 496,
501 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (reducing bonds to $150,000 for each third
degree felony charge); Ex parte Hulin, 31 S.W.3d at 758, 762 (approving bond amount of $50,000
for third degree felony offense); Ex parte McCullough, 993 S.W.2d 836, 839 (Tex. App.–Waco
1999, no pet.) (approving total bond amount of $25,000 for three counts of injury to an elderly
person). Considering this factor alone and giving no weight to the cumulative effect of the bond
amounts, Appellant’s bond of $100,000 for his third degree felony charge does not appear
excessive. Thus, this factor does not support a bond reduction on the weapons charge.
3.         Nature of the offense and circumstances of commission
            Appellant was charged with aggravated assault against a public servant with a deadly
weapon, a first degree felony. As noted above, the indictment alleges that Appellant caused
serious bodily injury to Kinne by shooting him with a firearm and that Appellant knew Kinne was
a public servant. The punishment for a first degree felony is imprisonment for life or for any term
of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed
$10,000. Tex. Pen. Code Ann. § 12.32 (Vernon 2003). Appellant is also charged with “places
weapons prohibited,” a third degree felony, for possessing or going with a firearm on the premises
of Canton High School without written regulations or written authorization of the school
permitting this conduct. The punishment for a third degree felony is imprisonment for any term
of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000. 
Tex. Pen. Code Ann. § 12.34 (Vernon 2003). We are mindful that the alleged offenses are
serious. However, at the hearing the State did not fully develop the circumstances under which
the offenses were committed. Moreover, our review indicates that the affidavits do not contain any
more information than was necessary to secure the issuance of the warrants. Thus, this factor is,
at most, neutral and neither favors or weighs against a bond reduction. 
4.         Ability to make bail
            Carol testified extensively regarding her knowledge of the couple’s financial condition. 
Carol has worked at Wal-Mart as a pharmacist for over nine years. Her salary is approximately
$2,800 every two weeks or $90,000 to $95,000 per year. Appellant is one of two partners in
Priority Heating & Air, a heating and air conditioning company located in Dallas, Texas. 
According to Carol, Appellant is the “majority” breadwinner, and his income was similar to hers
prior to his arrest. Carol testified that she is unfamiliar with Appellant’s business, has made no
effort to sell his interest in the business, and is unsure if his interest has any value.
            Carol’s household expenses include a home mortgage, a second mortgage, two vehicle
payments, vehicle insurance, student loans, college tuition for one son, credit card debt, and living
expenses, including telephone, electricity, water, and health insurance. She and Appellant own real
property in Van Zandt County, including their three bedroom home on ten acres. Also located on
the property are a detached two bay garage and a small unoccupied cabin. She and Appellant own
two vehicles, a 2004 Dodge Durango and a Dodge Stratus. She testified that Appellant and his
father share ownership of a 1997 Chevrolet pickup, but the State pointed out that the vehicle is
registered in Appellant’s name. Carol stated that she and Appellant own three all terrain vehicles,
one old tractor, and a riding lawnmower. She admitted that Appellant leased property owned by
relatives for deer hunting in West Texas, but stated that the lease was not paid this year. She
admitted that her son has some hunting rifles that were gifts to him. However, Carol stated that
she has not attempted to sell these rifles because she regards them as her son’s property. She
admitted not knowing how many firearms are in her home, although she stated that she has a gun
safe that could be sold.
            Carol stated that she has life insurance through her employer and that Appellant has a
whole life policy with a cash surrender value of approximately $9,000. However, she has not
attempted to borrow against that policy. Neither has she contacted any financial institution to
borrow money using the couple’s property as collateral because she could not assume any
additional debt. Carol admitted that she did not contact a bail bond company to see if she could
make Appellant’s bonds. However, she understood that the bond fee would be ten percent of the
amount of his bonds, or $100,000 for the aggravated assault charge alone. Carol stated that she
does not have “that kind of money” and that there was “no way” to raise $100,000, even with the
help of friends or relatives.


 Carol admitted that their savings had been spent and that, even if she
sold all that she owned, she could not make the bond amounts. Carol stated that spending the
money to retain counsel to represent Appellant made her financial situation precarious. She
testified that she had access to approximately $7,000 in cash. The trial court reasonably could have
concluded that Carol could raise approximately $16,000 if Appellant surrendered his life insurance
policy for an additional $9,000. However, the evidence shows that Appellant is unable to raise the
amount necessary for posting both bond amounts, even if he and Carol sold all they own. Thus,
this factor favors a bond reduction.
5.         Future safety of victim and community
            The future safety of the victim or community was not addressed at the hearing or in the
affidavits. The existence of an indictment, without more, is insufficient to show the accused poses
a threat to the victim or community, and evidence should be presented on that issue. See Ex parte
Milburn, 8 S.W.3d at 426; Nguyen, 881 S.W.2d at 144. Therefore, the unproven allegations in
the indictments are insufficient support for a conclusion that Appellant is a threat to the victim or
the community. Moreover, the record includes no evidence supporting an inference that Appellant
is a threat to either the victim or the community. Thus, this factor favors a bond reduction.
6.         Work record
            Carol testified that Appellant is one of two partners in a heating and air conditioning
company located in Dallas, Texas. She further testified that he is the “majority” breadwinner of
the family. No other evidence of his previous work experience is in the record. However, the fact
that Appellant owns a business approximately an hour’s drive from the community weighs in favor
of a bond reduction.
7.         Family and community ties; length of residency
            Carol testified that she and Appellant have been married twenty-two years and that they
have lived in Canton and Van Zandt County all their lives except from 1990 to 1996 when she
attended school. She and Appellant have two sons, one of whom attends community college, and
they own a home and ten acres. Further, Appellant is a partner in a business located approximately
an hour’s drive from the community. The exhibit admitted at the hearing shows that Appellant has
many friends and substantial ties to the community. Because Appellant has substantial family and
community ties and has resided in the community the majority of his life, this factor favors a bond
reduction.
8.         Prior criminal record, conformity with previous bond conditions, 
            and other outstanding bonds
            Although the probable cause affidavit indicated Appellant had been charged with four
previous offenses, none of these charges, circumstances of the offenses, or bond conditions, if any,
were introduced or developed at the hearing. Thus, this factor favors a bond reduction.
9.         Aggravating factors involved in the offense
            Carol admitted that approximately four hundred children were present on the campus of
Canton High School during the average school day. However, any danger Appellant may have
posed to these students was not addressed during the hearing or in the affidavits. Because no
aggravating factors of these alleged offenses were developed at the hearing or in the affidavits, this
factor favors a bond reduction.
 
Conclusion
            After reviewing the record in this case and considering the factors in article 17.15, we hold
that the amount of Appellant’s bonds is unsupported by the evidence and therefore excessive. 
Consequently, we further hold that the trial court abused its discretion in denying Appellant’s
motions to reduce bond. Appellant’s first, second, and third issues are sustained.
            Having found that the trial court abused its discretion in denying Appellant’s motions to
reduce bond, we reverse and remand these cases for further proceedings consistent with this
opinion.
 
 
                                                                                                     DIANE DEVASTO 
                                                                                               Justice
 
 
 
 
 
Opinion delivered February 8, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)