**Ex parte Mary Holder EMERY, Appellant.**

**No. 10–98–069–CR.**

Court of Appeals of Texas, Waco.

May 20, 1998.

L. Patrick Davis, Donald D. Feare, Fort Worth, for appellant.

Dale Hanna, Dist. Atty., David W. Vernon, Asst. Dist. Atty., Cleburne, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE Justice.

This is an appeal from an order denying relief in an application for writ of habeas corpus, based on a contention of excessive bail.

Mary Holder Emery was indicted for delivery of a controlled substance within 1000 feet of a school. Initially, bond was set at $25,000 with a condition that Emery submit to random urinalysis. She later tested positive for marijuana and amphetamines, and the State moved to declare the bond insufficient. TEX.CODE CRIM. PROC ANN. art. 17.09 (Vernon 1977). The court did so, Emery was arrested, and a new bond was set at $100,-000. *Id.* She appeals the trial court's order denying a reduction in bond and requests that we order a personal bond or, in the alternative, reinstate the prior bond already posted. We hold the new bail to be excessive, modify the trial court's order, and reduce Emery's bond to $35,000.

## Standard of Review

■ We review the trial court's decision under an abuse of discretion standard. TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1998); *Ex parte Wood*, 952 S.W.2d·41, 42 (Tex.App.—San Antonio 1997, no pet. h.); *Smith v. State*, 829 S.W.2d 885, 887 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). The burden is on Emery to show the bond

amount to be excessive under Article 17.15 of the Code of Criminal Procedure. *Wood*, 952 S.W.2d at 42, *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App.1981). Article 17.15 lists five factors which should be considered when determining whether bail is excessive. TEX.CODE CRIM. PROC. ANN. art. 17.15. They are:

1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2) The power to require bail is not to be so used as to make it an instrument of oppression.

3) The nature of the offense and the circumstances under which it was committed are to be considered.

4) The ability to make bail is to be regarded, and proof may be taken upon this point.

5) The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* Family and community ties, length of residence in the county, prior criminal record, conformity with conditions of previous bond, and aggravating circumstances of the offense should also be considered. *Rubac*, 611 S.W.2d at 849–50, *Nguyen v. State*, 881 S.W.2d 141, 143 (Tex.App.—Houston [1st Dist.] 1994, no pet.).

## Application of Factors to Emery

■ First, bail must be sufficiently high to assure Emery's presence in court. Emery is 59 years old, relies on a walker and a wheel chair for mobility, and has resided in Cleburne for approximately 29 years. She does not work because of her disability, but she has significant ties to the community through her two daughters living in the area. Both daughters testified that they would care for Emery while out on bond. Tina McKinney, Emery's bondsman, testified that she had no doubts as to whether Emery would appear for trial. She testified that Emery checked in with her by phone two or three times each week while out on the previous bond, and that Emery never missed a single court date.

■ Second, bail should not be used as an instrument of oppression. In considering

this factor, other courts have looked at the amount of bond in relation to bonds set for other crimes. In *Ex parte Clark*, 635 S.W.2d 202 (Tex.App.—San Antonio 1982, no pet.), the court reduced a $150,000 bond for capital murder and a $150,000 bond for attempted capital murder to $50,000 each. In *Ex parte Ivey*, 594 S.W.2d 98 (Tex.Crim.App.1980), the Court reduced an appeal bond in an armed robbery case from $250,000 to $50,000. In *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Crim.App.1977), the Court reduced a $100,000 bond for capital murder to $20,000.[1]

Third, we consider the nature of the offense and the circumstances under which it was committed. The little evidence that we have regarding this crime shows that Emery was arrested for delivery of a controlled substance within 1000 feet of a school. There is no testimony regarding the buyer or the general circumstances surrounding the alleged offense.

Fourth, we consider Emery's ability to make bail. McKinney testified that it would take ten percent of the bond ($10,000) to free Emery. Emery and other family members testified that they had attempted but were unable to collect enough money to make bail. Emery and her daughter both testified that they had taken out loans to make the previous bond, and that no bank would loan them any more money. Emery testified that her only income is social security.

Fifth, we consider the safety of the victim and the community. There is no cognizable victim to this crime, although drug crimes such as this one do threaten the sanctity of communities, especially when they are committed near the safe-havens for our children. However, there is no evidence showing that Emery has any prior arrests or convictions. She did test positive for drug use, which heightens the likelihood that she could be a danger to the community.

Emery's daughter testified that $35,000 was the largest bond that they would be able to make. Because Emery tested positive for drug use, we believe that her danger to the community is greater than initially thought when the bond was set at $25,000. Thus, we believe that the court correctly thought the bond should be increased.

Taking into consideration each factor listed in Article 17.15 and considering the bond which Emery can make, however, we hold that the court abused its discretion in setting bail at $100,000. We sustain the point of error and reverse the order denying habeas corpus relief. We grant the relief sought to the extent that her bail is hereby reduced to $35,000.

---

1. *See also Ex parte Bell*, 784 S.W.2d 577 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd, untimely filed) (reducing appeal bond from $150,-000 to $10,000 for burglary of a habitation with intent to commit sexual assault); *Ex parte Wood*, 952 S.W.2d 41 (Tex.App.—San Antonio 1997, no pet. h.) (reducing $350,000 bond for capital murder and $100,000 bond for aggravated robbery to $50,000 and $20,000 respectively); *but see Wis-*enbaker v. State*, 782 S.W.2d 534 (Tex.App.—Houston [14th Dist.] 1989, no pet.) ($200,000 bond was not excessive where defendant did not show inability to pay, continued illegal activity, and threatened to flee); *O'Neill v. State*, 635 S.W.2d 166 (Tex.App.—Houston [1st Dist.] 1982, no pet.) ($100,000 bond was not excessive in child assault where defendant had no ties to the community).