**Ex parte Rose McCULLOUGH.**

**No. 10–98–370–CR.**

Court of Appeals of Texas,
Waco.

May 19, 1999.

Thomas D. Whitworth, Law Offices of Thomas D. Whitworth, Cleburne, for appellant.

Rose McCullough, Cleburne, pro se.

Dale Hanna, District Attorney, David W. Vernon, Asst. District Attorney, Cleburne, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

Appellant Rose McCullough stands charged by indictment with three counts of injury to an elderly person, McCullough's seventy-one-year-old mother. *See* TEX. PEN.CODE ANN. § 22.04(a)(3), (f) (Vernon 1994). The court set McCullough's initial bail at $25,000. McCullough filed a pre-

trial habeas application requesting a reduction of bail. After a hearing, the court denied McCullough's request. She appeals contending in her sole issue that the court erred in denying her application. We will affirm the judgment.

## APPLICABLE LAW

### STANDARD OF REVIEW

■ We review the trial court's ruling under an abuse of discretion standard. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim.App.1981); *Ex parte Emery*, 970 S.W.2d 144, 145 (Tex.App.—Waco 1998, no pet.). A habeas applicant bears the burden of proving to the trial court that her bail is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981); *Emery*, 970 S.W.2d at 145.

### TEX.CODE CRIM. PROC. ANN. art. 17.15

Article 17.15 provides the following five factors to be considered by a court when determining what bail is appropriate:

- the bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with;
- the power to require bail is not to be so used as to make it an instrument of oppression;
- the nature of the offense and the circumstances under which it was committed are to be considered;
- the ability to make bail is to be regarded, and proof may be taken upon this point; and
- the future safety of a victim of the alleged offense and the community shall be considered.

■ TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1999). The court should also consider family and community ties, length of residence in the county, prior criminal record, conformity with conditions of previous bond, and aggravating circumstances of the offense. *Rubac*, 611 S.W.2d at 849–50; *Emery*, 970 S.W.2d at 145.

The courts have construed the first factor under article 17.15 to mean "[b]ail should be set high enough to give reasonable assurance that the defendant will appear at trial." *Ex parte Brown*, 959 S.W.2d 369, 371 (Tex.App.—Fort Worth 1998, no pet.); *accord Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex.Crim.App. [Panel Op.] 1980); *Emery*, 970 S.W.2d at 145.

The Austin Court of Appeals has construed the second factor to mean that the trial court may not set bail in a particular amount based on the "assumption that [the accused cannot] afford bail in that amount and for the express purpose of forcing [the accused] to remain incarcerated pending [trial]." *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex.App.—Austin 1987, no pet.); *accord Read v. State*, 959 S.W.2d 228, 230 (Tex.App.—Fort Worth 1998, pet. ref'd); *Perez v. State*, 897 S.W.2d 893, 897–98 (Tex.App.—San Antonio 1995, no pet.).

■ The fourth factor requires consideration of the accused's "ability to make bail." TEX.CODE CRIM. PROC. ANN. art. 17.15(4). However, the accused's inability to make bail, even to the point of indigence, does not control over the other factors. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App. [Panel Op.] 1980); *Wright v. State*, 976 S.W.2d 815, 820 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

The third and fifth factors, which require consideration of the nature and circumstances of the offense and the future safety of both the victim and the community, are self-explanatory.

## APPLICATION

■ McCullough's sole issue challenges the court's refusal to reduce her bail. We will consider the court's ruling in light of the factors noted above and the record before us.

The evidence related to the first factor reveals that McCullough is forty-five years old. She suffers from numerous infirmities. She has resided in Johnson County

more than twelve years. She has no means of transportation. She did not identify any friend or family member on whom the court could depend to assure her presence at trial. She is currently estranged from her family. She did however tell the court she has been offered "another place to stay" with "a joint friend with [she] and [her] mother," but she refused to disclose the location of this other place besides affirming it is located within Johnson County. Thus, the evidence is conflicting on the amount of bail necessary to assure McCullough's presence at trial.

Concerning the second factor, the record contains no evidence that the trial court refused to lower McCullough's bail as an oppressive measure. In *Harris,* the trial court stated on the record, "I'd rather see him in jail than to see someone's life taken, so I'm going to deny the writ and let you go on up to the Court of Appeals and see what they do about it." *Harris,* 733 S.W.2d at 714. The appellate court found from the record that the trial court refused to reduce Harris' bail "to assure [his] continued incarceration" and "by so doing, used bail as an instrument of oppression." *Id.* The record in McCullough's case is not nearly so clear. After hearing the evidence and argument of counsel, the court simply denied her writ.

The third factor requires consideration of the nature and circumstances of the offense. In McCullough's hearing, the primary investigator on McCullough's case testified about two of the offenses with which she is charged. The victim in the case is McCullough's seventy-one-year-old mother Marion Spigener. Spigener made her initial complaint in December 1997 but informed the investigator at that time that she did not desire to prosecute McCullough for the assault. Later Spigener contacted the investigator to report another assault.[1] She produced four photographs depicting herself with a black eye and told the investigator that McCullough "tore her glasses off her face and hit her with her fist about her face and caused the black eye." Spigener did not have a black eye when she reported this offense. According to the investigator, Spigener has reported "several" assaults committed against her by McCullough. A neighbor has also filed an assault charge on McCullough. The nature and circumstances of the offense tend to support the trial court's decision.

The evidence related to the fourth factor is that McCullough has twenty-eight cents to her name. She owns no real property and no personal property of any significance. She has no family or friends from whom she can borrow money to make bail. She subsists on food stamps and has no other source of income.[2] Although this factor favors a reduction of bail, the accused's inability to make bail, even to the point of indigence, does not control over the other factors. *Charlesworth,* 600 S.W.2d at 317; *Wright,* 976 S.W.2d at 820.

Concerning the fifth and final factor, the record reflects that the violence between McCullough and Spigener has "escalated" from the initial reported incidents, which Spigener had declined to prosecute. The investigator testified that at all times pertinent to her investigation of the matter Spigener and McCullough have lived together. McCullough explained that Spigener owns a house located on 59 ½ acres and rents a second residence, both in Johnson County.[3] She tes-

1. The record is unclear on when Spigener reported this assault. The indictment alleges assaults occurring in December 1997, April 1998, and August 1998.

2. McCullough did testify that her mother and she have "a work agreement" under which her mother is supposed to pay her $20 per month and provide a room. However, the parties agreed in the bond hearing that one condition of any bond would be that McCullough not have any contact or communication with her mother.

3. We take judicial notice however of the records of this Court in another proceeding involving McCullough and Spigener that the court below (via a visiting judge) has appoint-

tified that she could live on the acreage while Spigener stays in the rent house. She described the house on the acreage as "real primitive" with no indoor plumbing. McCullough also told the court she has been offered "another place to stay" with "a joint friend with [she] and [her] mother," but she refused to disclose the location of this other place besides affirming it is located within Johnson County. Like the evidence on the first factor, the evidence regarding the future safety of Spigener is conflicting because the violence between McCullough and Spigener has escalated, because McCullough would not guarantee that she would completely stay away from Spigener, and because McCullough refused to disclose the location of their "joint friend's" home which had been offered to her.

## SUMMARY

After considering the factors of article 17.15 and the record before us, we cannot say the trial court abused its discretion in refusing to reduce McCullough's bail. *See Spaulding*, 612 S.W.2d at 511; *Emery*, 970 S.W.2d at 145. Accordingly, we overrule her sole issue and affirm the judgment.

ed a receiver to sell the 59½-acre tract. *See* Tex.R. Evid. 201; *Escarcega v. State*, 711 S.W.2d 400, 402 (Tex.App.—El Paso 1986), *pet. dism'd, improvidently granted*, 767 S.W.2d 806 (Tex.Crim.App.1989) (appellate court "may take judicial notice of its record in the same or related proceedings involving the same or nearly the same parties"); *accord Turner v. State*, 733 S.W.2d 218, 223 (Tex.Crim.App.1987). As part of the receivership proceeding, the court found that Spigener owns only an undivided ½2 interest in the tract and that McCullough has no interest in

the property. McCullough acknowledged as much in her testimony in the bail reduction proceeding when she testified that the visiting judge determined that the deeds under which Spigener claims ownership of this property "are invalid and illegal." We dismissed McCullough's appeal from the receivership order for want of prosecution in an unpublished opinion slightly more than one month before the bail hearing. McCullough did not pursue a petition for review from this opinion.