IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00147-CR

No. 10-05-00148-CR

No. 10-05-00149-CR

 

Joseph Leon Jenkins,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court Nos. 05-000460-CV-85,
05-01101CRF-85,

04-03577-CRM-85, and
04-03872-CRM-85

 



MEMORANDUM  Opinion



 

          Joseph Leon Jenkins appeals the trial
court’s denial of his request to reduce his bail to $20,000.  We will affirm.

Jenkins was charged with committing three
offenses.  In cause number 04-03577-CRM-85, Jenkins was charged with theft of
service, allegedly occurring on August 5, 2003.  In cause number
04-03782-CRM-85, Jenkins was charged with marihuana possession, allegedly
occurring on January 28, 2004.  When Jenkins failed to appear in court in these
two cases, a capias was issued and bail was reset at $4,000 in each case. 
After being re-arrested, Jenkins made bail in each case by posting bail bonds
on December 23, 2004.

On January 6, 2005, Jenkins allegedly committed
aggravated assault with a deadly weapon (cause number 05-01101-CRF-85), and he
was arrested three days later.  Bail was set at $500,000.  On January 12,
Jenkins’s bail bondsman filed affidavits seeking to be relieved as Jenkins’s
surety in the misdemeanor causes.  The trial court released the surety and
reset bail at $4,000 in each case.

Jenkins filed an application for writ of habeas
corpus, seeking a bond reduction.  Jenkins filed his application for writ of
habeas corpus in the 85th District Court because he was already on deferred
adjudication community supervision in that court (for misdemeanor assault that
had been originally filed as a felony).  Jenkins sought a bail reduction in the
felony aggravated assault case to $20,000.  The trial court granted relief in
the felony case (cause 05-01101-CRF-85), reducing bail from $500,000 to
$100,000.  The trial court denied relief in the two misdemeanor cases.

Jenkins appeals, claiming the trial court abused
its discretion in not lowering bail to $20,000.  We have jurisdiction of an
appeal of a trial court’s denial of habeas corpus relief.  E.g., Ex parte Davis, 147 S.W.3d 546 (Tex. App.—Waco 2004, no pet.).

          We review a trial court’s pretrial
bail determination under an abuse-of-discretion standard.  Ex parte Rubac,
611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); Davis,
147 S.W.3d at 548.  A habeas applicant bears the burden of proving that his
bail is excessive.  Rubac, 611 S.W.2d at 849; Davis, 147 S.W.3d
at 548.

          Article 17.15 lists five factors to be
considered in determining what bail is appropriate:

1.       The bail shall be sufficiently high to
give reasonable assurance that the undertaking will be complied with.

 

2.       The power to require bail is not to be
so used as to make it an instrument of oppression.

 

3.       The nature of the offense and the
circumstances under which it was committed are to be considered.

 

4.       The ability to make bail is to be
regarded, and proof may be taken upon this point.

 

5.       The future safety of a victim of the
alleged offense and the community shall be considered.

 

Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005).

 

          Other pertinent factors include family
and community ties, work history, length of residence in the county, prior
criminal record, conformity with conditions of prior bonds, and any aggravating
circumstances of the offense.  Rubac, 611 S.W.2d at 849-50; Davis,
147 S.W.3d at 548.  We will review the trial court’s decision in light of the
above factors.

          “[B]ail should be set high enough to
give reasonable assurance that the defendant will appear at trial.”  Ex
parte McCullough, 993 S.W.2d 836, 837 (Tex. App.—Waco 1999, no pet.)
(quoting Ex parte Brown, 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998,
no pet.)).  A defendant’s ties to the community and work history bear on the
adequacy of bail to give reasonable assurance he will appear.  See
McCullough, 993 S.W.2d at 837-38.  A defendant’s compliance with the
conditions of any prior bonds likewise bears on this issue.

          Jenkins has lived in Brazos County his entire life.  All of his family lives in Brazos County.  No evidence of
Jenkins’s work history was presented.  The State offered evidence of Jenkins’s
failure to appear in court on his two misdemeanor cases and of his surety’s
request to be relieved on the two misdemeanor bonds.

Bail set in a particular amount becomes “oppressive”
when it is “based on the ‘assumption that [the accused cannot] afford bail in
that amount and for the express purpose of forcing [the accused] to remain
incarcerated pending [trial].’”  McCullough, 993 S.W.2d at 837 (quoting Ex
parte Harris, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.)).  The
record contains nothing to indicate that the trial court rendered its decision
on this basis, especially with the trial court having reduced bail from
$500,000 to $100,000.

In considering this factor, appellate courts
have looked to bond amounts in other cases.  See Ex parte Emery, 970
S.W.2d 144, 145-46 (Tex. App.—Waco 1998, no pet.).  Jenkins’s brief offers no
contemporary cases that would suggest $100,000 bail in this case is oppressive.

In the felony case, Jenkins is charged with
aggravated assault with a deadly weapon for allegedly shooting Samuel Holmes. 
According to the State, Jenkins walked up to a house and knocked on the door. 
When Holmes answered, Jenkins fired five shots into the house from a pistol,
hitting Holmes in the hand, chest, abdomen, and leg.  Others were in the
house.  On the way to the hospital, Holmes identified Jenkins as the assailant.

Aggravated assault with a deadly weapon carries
a potential maximum sentence of life imprisonment and a fine of up to $10,000. 
See Tex. Pen. Code Ann. §§
12.32, 22.02 (Vernon 2003 & Supp. 2005).  The violent nature of this
alleged offense—committed while Jenkins was on deferred adjudication community
supervision for misdemeanor assault—suggests that a high bail amount is
appropriate.

          Although a defendant’s ability to make
bail is a factor for consideration, inability to make bail, even to the point
of indigence, does not control over the other factors.  Ex parte Charlesworth,
600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); Davis,
147 S.W.3d at 548.  Jenkins has no money in the bank, no savings accounts, or
no stocks or bonds.  He does not own real property or a vehicle.  His family
could help him pay for a $20,000 bond.

          The probable cause statement for the
felony offense shows that the victim knew Jenkins and that Jenkins knew where
the victim lived.  Jenkins was on deferred adjudication community supervision and
had two pending misdemeanor charges when the aggravated assault allegedly occurred.

After considering the factors of article 17.15
and the record before us, we cannot say the trial court abused its discretion
in refusing to reduce Jenkins’s bail to $20,000.  See McCullough, 993
S.W.2d at 839.  Accordingly, we overrule his sole issue and affirm the trial
court’s ruling.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed February 15, 2006

Do
not publish

[CR25]