Affirmed and Memorandum Opinion filed May 13, 2008








Affirmed and Memorandum Opinion filed May 13, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00949-CR

NO. 14-07-00950-CR

____________

 

EX PARTE BELTON A. PRESSWOOD

 

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause Nos. 1126270
& 1126271

 



 

M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the trial court=s handling of
appellant, Belton A. Presswood=s pre-trial writs of habeas corpus
requesting bond reductions in his two pending criminal cases.  Finding the
trial court did not abuse its discretion, we affirm.

Factual and Procedural Background








Appellant was charged by indictment with the felony offense
of theft of property with a value between $20,000 and $100,000 and with the
felony offense of aggravated robbery.  Tex. Penal Code Ann. '' 29.03,
31.03(e)(5) (Vernon 2003).[1] 
Both offenses allegedly occurred in Harris County, Texas.  Appellant=s bonds were
originally set at $100,000 in the theft case and $30,000 in the aggravated
robbery case.  Because he was unsuccessful at raising the money necessary to
make these bonds, appellant filed petitions for writs of habeas corpus in both
cases seeking to have his bonds reduced.

At the writ hearing, the prosecution offered no evidence on
behalf of the State.  Appellant then called his wife, Angela Presswood, to
testify.  Ms. Presswood testified she had known appellant for approximately two
years and they had been married about a year at the time of the hearing.  She
also testified they did not have any children together but she had a son living
with them.  At the time of the hearing, Ms. Presswood was living in Montgomery
County with her grandparents.  Ms. Presswood also told the trial court
appellant could live with her grandparents if he got out of jail on bond. 
According to Ms. Presswood, prior to his incarceration on the theft and
aggravated robbery charges, appellant was supporting her and her son by working
as an appliance installer.  Ms. Presswood testified at the time he was arrested
on the theft and aggravated robbery charges, appellant had been out on bond for
four to six months on two 2006 charges of burglary of a building in Polk
County, Texas.

  Ms. Presswood also testified about her efforts to raise
appellant=s bond in the theft and aggravated robbery cases. 
According to Ms. Presswood, the only property she and appellant owned were two
cars and a boat.  She testified she had been trying, without success, to sell
the items for the entire six months appellant had been incarcerated.  She also
informed the court her only employment was as a babysitter working four days a
week making $15.00 a day.  Finally, Ms. Presswood testified she believed they
could raise between $5,000 and $6,000 toward appellant=s bail.








Appellant then testified.  According to appellant, he has
been in jail for six months on the theft and aggravated robbery charges because
he has been unable to raise the amount of money required by his bonds. 
Appellant also testified regarding the property he owns which could be used to
pay the bonds in the theft and aggravated robbery case.  Appellant owns a 1994
Firebird valued at $6,000.  Appellant said a potential buyer has made an offer
of $2,800 for the Firebird.  Appellant also owns a 1992 17 foot boat. 
Appellant testified he paid $2,500 for the boat and has an offer for $1,800. 
Finally, appellant owns a 1986 Suburban he bought for $500.  Appellant
testified he planned to keep the Suburban to drive to work if he is able to
make bail.  According to appellant, he has no other assets, does not have a
bank account or other investments, and owns no real estate.  Appellant
testified he and his wife can raise $6,000 for the bond.

Appellant also testified he had been working installing
appliances for a few months prior to his arrest.  According to appellant, he
was earning between $2,000 and $5,000 per month.[2] 
Appellant testified his former employer has informed him he can come back to
work as an appliance installer if he makes bail.

Appellant testified he, his wife, and her son had rented a
house in Montgomery County just before his arrest on the theft and aggravated
robbery charges.  Appellant also testified he had no family, other than his
wife, in the area.








Appellant testified he has a prior conviction for
unauthorized use of a motor vehicle and spent a year in state jail after his
probation was revoked.  Appellant also admitted he has two pending burglary of
a building charges in Polk County.[3] 
According to appellant, he was out on bail on those charges at the time he was
arrested on the theft and aggravated robbery charges.  Finally, appellant
testified those bonds had been revoked and the bond reset to $3,000 each. 
Appellant understood if he made bail in the Harris County cases, he would not
be released from jail unless he was also able to make bail on the Polk County
charges.

Following the testimony, the trial court granted relief in
the theft case and lowered bail to $50,000.  The trial court denied relief in
the aggravated robbery case and raised appellant=s bail in that
case to $100,000.[4] 
This appeal followed.

Discussion

In a single issue on appeal, appellant contends the trial
court abused its discretion when it denied the relief appellant requested in
his petitions for writs of habeas corpus and instead set appellant=s bonds in the
excessive and punitive amounts of $100,000 on the aggravated robbery charge and
$50,000 on the theft charge.  Appellant asserts a more appropriate bond would
be $10,000 and $5,000 respectively.

I.        The
Applicable Law

The primary purpose of an appearance bond is to secure the
presence of the accused at trial on the offense charged.  Maldonado v. State,
999 S.W.2d 91, 93 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  Bail should
be set high enough to give reasonable assurance the defendant will appear at
trial, but it should not operate as an instrument of oppression.  Id. 
Bail set at an amount higher than reasonably calculated to fulfill this primary
purpose is excessive under the Eighth Amendment.  In re Durst, 148
S.W.3d 496, 498 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(citing Stack v. Boyle, 342 U.S. 1, 4, 72 S. Ct. 1, 96 L.Ed.3 (1951)).








The burden is on the person seeking the reduction to
demonstrate the bail set is excessive.  Maldonado, 999 S.W.2d at 93. 
The decision regarding a proper bail amount lies within the sound discretion of
the trial court and there is no precise standard for reviewing its
determination.  Durst, 148 S.W.3d at 498.  However, while the bail
decision is within the trial court=s discretion, the
trial court is required to consider the criteria found in article 17.15 of the
Code of Criminal Procedure.  Article 17.15 provides:

The amount of bail to be required in any case is to be regulated by the
court, judge, magistrate or officer taking the bail; they are to be governed in
the exercise of this discretion by the Constitution and by the following rules:

1.       The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

2.       The power to require bail is not to be so
used as to make it an instrument of oppression.

3.       The nature of the offense and the
circumstances under which it was committed are to be considered.

4.       The ability to make bail is to be regarded,
and proof may be taken upon this point.

5.       The future safety of a victim of the
alleged offense and the community shall be considered.

Tex.
Code Crim. Proc. Ann. art. 17.15 (Vernon 2005).  Other circumstances and
factors to be considered in determining the amount of bail include family and
community ties, length of residency, aggravating factors in the offense, the
defendant=s work history, prior criminal record, and previous
and outstanding bail.  Durst, 148 S.W.3d at 498 (citing Ex parte
Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981).

II.       Application
of the Law to the Evidence

We examine the evidence in light of the article 17.15 and Rubac
factors.

 

 








A.      Sufficient
Bail to Assure Appearance

In this case, the evidence shows appellant is not a
resident of Harris County.  The evidence also demonstrates that while appellant
was a resident of Montgomery County when he was arrested on the theft and
aggravated robbery charges, he does not own any real estate there.  The
evidence also establishes that, other than his wife, whom he has known for two
years, appellant has no family ties to either Harris or Montgomery Counties.  Also,
while the  evidence does not reveal how long appellant has resided in
Montgomery County, it did show appellant is accused of committing crimes in
Polk County in 2006 and was living in Colorado County when his probation was
revoked and he went to state jail in 2000.  The evidence also establishes
appellant has a place to stay, in Montgomery County, and an offer of
employment, if he is released on bond.  After evaluating the evidence, we hold
this factor weighs in favor of a higher rather than a lower bail.  See
Maldonado, 999 S.W.2d at 95 (finding the lack of ties to Harris County, as
well as the fact the defendant only recently arrived in Harris County,
justified the imposition of a high bond).

B.      Not to be
Used as an Instrument of Oppression

There is no direct evidence in the record the trial court=s refusal to
reduce appellant=s total bail was done as an oppressive
measure.  Indeed, the trial court granted appellant some of the relief he
requested by reducing the bond amount in the theft case in half.  In addition,
the same evidence cited in section A above, supports the determination that the
imposition of a high bond was taken to ensure appellant=s appearance at
trial rather than as an oppressive measure.  Finally, a trial court has the
authority to increase a criminal defendant=s bond.  Tex. Code
Crim. Proc. Ann. art. 17.09
(Vernon 2005).  Therefore, the fact the trial court, at the same time it
decreased appellant=s bond on the theft charge, also increased
appellant=s bond on the aggravated robbery charge, does not
alone establish an abuse of discretion.

 








C.      The Nature
of the Offense

This is the most important factor to be considered.  Rubac,
611 S.W.2d at 849.  Taking into consideration the nature of the offense
necessarily involves the punishment permitted under the law.  Ex parte
Rodriguez, 595 S.w.2d 549, 550 (Tex. Crim. App. 1980).

Appellant was indicted for the first degree felony offense
of aggravated robbery.  Tex. Penal Code Ann.
' 29.03(a)(2) &
(b) (Vernon 2003).  The range of punishment for this offense is imprisonment in
the Institutional Division of the Texas Department of Criminal Justice for life
or for any term of not more than 99 years or less than 5 years, and a fine not
to exceed $10,000.  Tex. Penal Code Ann.
' 12.32 (Vernon
2003).  There are no details of this alleged offense found in the appellate record.

Appellant is also indicted for the third degree felony
offense of theft alleging he stole property valued at $20,000 or more but less
than $100,000, which is punishable by imprisonment in the Institutional
Division of the Texas Department of Criminal Justice for any term of not more
than 10 years or less than 2 years and a fine not to exceed $10,000.  Tex.
Penal Code Ann. '' 12.34,  31.03(a)
& (e)(5) (Vernon 2003 and Vernon Supp. 2007).  This charge alleges
appellant and an accomplice stole a truck, trailer, and five copper and brass exchangers.

The fact appellant faces the possibility of a life sentence
in the penitentiary, combined with his lack of ties to Harris County, weighs in
favor of a high bond.  See Maldonado, 999 S.W.2d at 95B96.

D.      Ability to
Make Bail








The fourth factor under article 17.15, and the one
emphasized by appellant, is the ability of the defendant to make bail.  The
evidence in the appellate record establishes  appellant would have great
difficulty making even the original bail set by the trial court, much less the
higher bail imposed following the hearing on appellant=s writ
applications.  However, a person=s inability to
make the bail set by the trial court does not automatically render the bail
excessive.  Maldonado, 999 S.W.2d at 96.  To allow this factor to
control whether a bond set by a trial court is unconstitutionally excessive
would impermissibly allow the accused to set his own bond.  Id. 
Although this factor favors a reduction of the bail, the accused=s inability to
make bail, even to the point of indigence, does not control over the other
factors.  McCullough v. State, 993 S.W.2d 836, 838 (Tex. App.CWaco 1999, no
pet.).

E.      Future
Safety of the Victim and the Community

There is no evidence in the appellate record indicating the
safety of the victims in the two cases is a concern.  However, the same cannot
be said of the safety of the community.  The record on appeal demonstrates that
the degree of the offenses with which appellant is charged has escalated over
time.  Appellant was previously convicted of the state jail felony offense of
unauthorized use of a motor vehicle.  Appellant had only been out of jail on
bond on the two burglary of a building charges a short time when he was
arrested on the current Harris County charges.  The current charges allege
appellant participated in the third degree felony of theft and aggravated
robbery, a first degree felony.  This factor weighs in favor of a high bond.

F.       The Rubac
Factors

The Rubac factors include the following: family and
community ties, length of residency, aggravating factors in the offense, the
defendant=s work history, prior criminal record, and previous
and outstanding bail.  Rubac, 611 S.W.2d at 849B50.  We examine
each in turn.








As detailed above, appellant has no connections with Harris
County and his only connection with Montgomery County found in the record is
his wife.  In addition, the record establishes appellant had only resided in
Montgomery County for a short time before he was arrested on the theft and
aggravated robbery charges.  The only evidence regarding appellant=s work history was
his testimony he had been working as an appliance installer for a few months
before he was arrested on the current charges.  The burden was on appellant to
show he was entitled to a reduction in bail.  Maldonado, 999 S.W.2d at
97.  If appellant had additional ties to the community, was a long term
resident of the area, or had an extensive work history, he should have produced
evidence to that effect.  Because he did not, these factors weigh in favor of a
high bond.

There is nothing in the record regarding any aggravating
factors in the alleged offenses beyond the allegation in the indictment that
appellant committed a robbery using a deadly weapon.  Accordingly, we hold this
factor does not weigh in favor of either a high or low bond.  However, as
discussed above, appellant has a prior criminal record, a conviction for
unauthorized use of a motor vehicle.  In addition, appellant was out of jail on
bond for two charges of burglary of a building when he was arrested on the
current charges.  While appellant testified he has never previously jumped
bail, both factors still weigh in favor of a high bond.

Conclusion

Having considered the evidence relevant to the article
17.15 and Rubac factors, we hold the trial court did not abuse its
discretion when the net effect of its rulings on appellant=s two applications
for writ of habeas corpus was to increase appellant=s total bond by
$20,000.  Therefore, we overrule appellant=s single issue on
appeal and affirm the trial court=s orders.

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed May 13, 2008.

Panel consists of
Chief Justice Hedges, and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  There are no details in the appellate record on the
aggravated robbery charge.  The probable cause affidavit in the theft case
alleges appellant stole a truck, trailer, and five copper and brass exchangers
valued at $50,000.





[2]  While appellant testified he was earning between
$2,000 and $5,000 at the time of his arrest, he also testified he was earning
only $350 and $500 per week installing appliances.





[3]  Appellant also testified he might have two
misdemeanor charges, possibly for criminal mischief or burglary of a motor
vehicle, pending against him in Polk County. Appellant=s counsel informed the trial court he could find no
record of any pending misdemeanor charges and therefore believed they had been
dismissed. 





[4]  The net effect of the trial court=s rulings was to raise appellant=s cumulative bail from $130,000 to $150,000.