

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00422-CR

## EX PARTE DARRNELL LEE SHIELDS,

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2008-1918-C1A**

## MEMORANDUM  OPINION

Appellant Darrnell Lee Shields's first trial on three felony charges ended in a mistrial during the charge conference, and the State is going to retry him.  Shields's bail is set at $500,000.  He filed an application for writ of habeas corpus, alleging that the $500,000 bail pending retrial was excessive and requesting the trial court to lower bail to $50,000.  The trial court held a hearing but denied relief.  Shields appeals, complaining in his first issue that the trial court abused its discretion in refusing to reduce bail and that the $500,000 bail remains excessive.

Shields was charged with the following third-degree felonies:  injury to a child, assault—family violence (enhanced), and attempted sexual assault.  The State has filed a notice to enhance punishment to the habitual punishment range of 25 to 99 years, or

life, based on two of Shields's prior Kansas felony convictions. *See* TEX. PEN. CODE ANN. § 12.42(d) (Vernon Supp. 2009).

Standard of Review. We review a trial court's pretrial bail determination under an abuse-of-discretion standard. *Ex parte Rubac,* 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Davis,* 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.). A habeas applicant bears the burden of proving that his bail is excessive. *Rubac,* 611 S.W.2d at 849; *Davis,* 147 S.W.3d at 548.

Bail Factors. Article 17.15 of the Code of Criminal Procedure lists five factors to be considered in determining what bail is appropriate:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005).

Other pertinent factors include family and community ties, work history, length of residence in the county, prior criminal record, conformity with conditions of prior bonds, and any aggravating circumstances of the offense. *Rubac,* 611 S.W.2d at 849-50; *Davis,* 147 S.W.3d at 548. We will review the trial court's decision in light of the above

factors.

*Sufficiently High to Give Reasonable Assurance of Appearance.* "[B]ail should be set high enough to give reasonable assurance that the defendant will appear at trial." *Ex parte McCullough,* 993 S.W.2d 836, 837 (Tex. App.—Waco 1999, no pet.) (quoting *Ex parte Brown,* 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998, no pet.)). A defendant's ties to the community and work history bear on the adequacy of bail to give reasonable assurance he will appear. *See McCullough,* 993 S.W.2d at 837-38.

A hearing was held and the sole witness was Shields. Before and during his first trial, Kansas had issued a "blue warrant"[1] on Shields, making the issue of bond moot at the time, but he said that the hold has since been lifted. Shields said that he believed he could make bail in the amount of $50,000 with a bail bond. At the time of his pretrial incarceration, Shields had been in Waco for three months and had worked for two months at Sanderson Farms. His grandmother lives in Waco, but Shields was not familiar with her age, how long she has lived in Waco, or her employment. He said he could stay with her if he meets bail. Shields has otherwise spent his whole life in Kansas, and the rest of his family (mother, brother, nieces, and nephews) lives there. He has four prior Kansas felony convictions, including one for domestic battery.

At the hearing, the State asked the trial court to recall the evidence of the charged offenses from the first trial. The State further contends that, in addition to Shields's ties being in Kansas and being almost nonexistent in McLennan County, because he has

---

[1] A "blue warrant" is an arrest warrant issued when a parolee has been suspected of violating conditions of his probation. *Franklin v. Kyle,* 899 S.W.2d 405, 406 n.1 (Tex. App.—Waco 1995, no pet.).

seen all the State's evidence, he is a flight risk. The evidence on this factor weighs against a low bail amount.

*Not So High as to Constitute an Instrument of Oppression.* Bail set in a particular amount becomes "oppressive" when it is "based on the 'assumption that [the accused cannot] afford bail in that amount and for the express purpose of forcing [the accused] to remain incarcerated pending [trial].'" *McCullough,* 993 S.W.2d at 837 (quoting *Ex parte Harris,* 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.)). In considering this factor, we have looked to bond amounts in other cases. *See Ex parte Emery,* 970 S.W.2d 144, 145-46 (Tex. App.—Waco 1998, no pet.);[2] *see also Jenkins v. State,* No. 10-05-00147-CR, 2006 WL 348716 (Tex. App.—Waco Feb. 15, 2006, no pet.) (mem. op.) (not designated for publication) (holding that reduction of bail from $500,000 to $100,000, instead of to $20,000, on charges of aggravated assault with deadly weapon, was not abuse of discretion); *Ex parte Parker,* 26 S.W.3d 711 (Tex. App.—Waco 2000, no pet.) (trial court did not abuse its discretion in reducing bail from $75,000 to $50,000 where defendant charged with aggravated sexual assault of child under 14 years of age). In its brief, the State concedes that $500,000 is "on the high side of the range for third degree felonies." The evidence and case law relevant to this factor weigh in favor of a lower bail.

---

[2] In *Emery,* 970 S.W.2d at 146 & n.1, we cited the following cases: *Ex parte Clark,* 635 S.W.2d 202 (Tex. App.—San Antonio 1982, no pet.) (court reduced $150,000 bond for capital murder and $150,000 bond for attempted capital murder to $50,000 each); *Ex parte Ivey,* 594 S.W.2d 98 (Tex. Crim. App. 1980) (Court reduced appeal bond in armed robbery case from $250,000 to $50,000); *Ex parte Vasquez,* 558 S.W.2d 477 (Tex. Crim. App. 1977) (reduced $100,000 bond for capital murder to $20,000); *Ex parte Bell,* 784 S.W.2d 577 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd, untimely filed) (reducing appeal bond from $150,000 to $10,000 for burglary of habitation with intent to commit sexual assault); *Ex parte Wood,* 952 S.W.2d 41 (Tex. App.—San Antonio 1997, no pet.) (reducing $350,000 bond for capital murder and $100,000 bond for aggravated robbery to $50,000 and $20,000 respectively).

*Nature and Circumstances of the Offenses.* Shields is accused of assaulting his former girlfriend (assault—family violence) and attempting to sexually assault her in front of her three-year-old son, whom he also allegedly assaulted (injury to a child) during the same episode. The State is seeking to have Shields punished as a habitual felon with a minimum sentence of twenty-five years in prison. The violent nature of the alleged offenses—committed while Shields was on parole—suggests that a high bail amount is appropriate. *See Jenkins,* 2006 WL 348716, at *2.

*Ability to Make Bail.* Although a defendant's ability to make bail is a factor for consideration, inability to make bail, even to the point of indigence, does not control over the other factors. *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); *Davis,* 147 S.W.3d at 548. Shields believes he could make bail in the amount of $50,000. The evidence on this factor weighs in favor of a lower bail.

Future Safety of the Community. As noted, Shields is charged with violent crimes, and the victims reside in the community. The State posits that Shields is a flight risk, as explained above. The evidence and other information pertinent to this factor tend to support bail in a high amount.

Other Factors. Other pertinent factors include prior criminal record, conformity with conditions of prior bonds, and any aggravating circumstances of the offense. *Rubac,* 611 S.W.2d at 849-50; *Davis,* 147 S.W.3d at 548. Shields testified that he has four Kansas felony convictions: two for possession of a firearm, one for discharge of a firearm, and one for aggravated assault. This weighs in favor of a high bail amount.

A final factor mostly in Shields's favor is that he has been jailed since his arrest in July of 2008. While this is attributable largely to the Kansas blue warrant and his first trial ending in a mistrial, a lengthy pretrial detention should not be a substitute for a trial—the purpose of our constitutional and statutory law on bail is to guarantee that it is not. *Ex parte Bogia*, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist]. 2001, no pet.).

After considering the factors of article 17.15, relevant case law, and the record before us, we hold that the trial court did not abuse its discretion in refusing to reduce Shields's bail from $500,000 to $50,000. We thus overrule his issue in part. But we do conclude that bail at $500,000 is excessive based on the factors discussed above and that the trial court abused its discretion in not lowering it. Thus, we sustain in part Shields's issue and order a reduction in his bail to $300,000 (or $100,000 per felony count). *See Davis*, 147 S.W.3d at 553.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray dissents. A separate opinion will not issue. He notes, however, that he would not find the trial court abused its discretion and therefore would not reduce bail. He joins no part of the opinion but believes the analysis in the opinion does not support a determination that the trial court acted without reference to the relevant factors.)
Affirmed in part, reversed in part; bail set
Opinion delivered and filed April 14, 2010
Do not publish
[CR25]