

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00448-CR

## EX PARTE PATRICK RAMON THOMAS,

_____

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2011-2336-C2A

## MEMORANDUM OPINION

Patrick Ramon Thomas is charged with committing the felony offense of possession of a controlled substance with intent to deliver, enhanced by a habitual allegation. After indictment, his bail was raised from $25,000 to $150,000. Thomas filed a petition for writ of habeas corpus, alleging that $150,000 was excessive. The trial court denied relief.

In one issue, Thomas alleges that $150,000 is excessive and that the trial court abused its discretion in not lowering it to $25,000, an amount on which Thomas could make a bail bond. We review a trial court's pretrial bail determination under an abuse-of-discretion standard. *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Davis*, 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.). A habeas

applicant bears the burden of proving that his bail is excessive. *Rubac,* 611 S.W.2d at 849; *Davis,* 147 S.W.3d at 548.

Article 17.15 lists five factors to be considered in determining what bail is appropriate:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). Other pertinent factors include family and community ties, work history, length of residence in the county, prior criminal record, conformity with conditions of prior bonds, and any aggravating circumstances of the offense. *Rubac,* 611 S.W.2d at 849-50; *Davis,* 147 S.W.3d at 548. We will review the trial court's decision in light of the above factors.

"[B]ail should be set high enough to give reasonable assurance that the defendant will appear at trial." *Ex parte McCullough*, 993 S.W.2d 836, 837 (Tex. App.—Waco 1999, no pet.) (quoting *Ex parte Brown,* 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998, no pet.)). A defendant's ties to the community and work history bear on the adequacy of bail to give reasonable assurance he will appear. *See McCullough*, 993

S.W.2d at 837-38. The trial court allowed Thomas's attorney to proffer that Thomas is a 37-year-old lifelong Waco resident who lived with his three minor children, was full-time employed for two years, and had around sixty relatives living in the area. His criminal record includes two prior felony convictions (each for possession of a controlled substance) and two misdemeanor convictions (unlawfully carrying a weapon and possession of marijuana), and no prior bond violations. He is a U.S. citizen with no relatives in border countries.

Bail set in a particular amount becomes "oppressive" when it is "based on the 'assumption that [the accused cannot] afford bail in that amount and for the express purpose of forcing [the accused] to remain incarcerated pending [trial].'" *McCullough*, 993 S.W.2d at 837 (quoting *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.)). Nothing in the record indicates that the trial court rendered its decision on this basis.

Thomas is accused of possessing cocaine and crack cocaine with intent to deliver. He allegedly evaded police (he appears to be separately charged for that offense, and that charge is not before us) when they attempted to stop him in a car after surveillance of a drug house. Thomas fled at a high rate of speed, ditched his car in a residential neighborhood while it was still running, and fled on foot before being arrested later that night.

In considering the nature of the offense and the circumstances under which it was committed, appellate courts have looked to bond amounts in other cases. *See Ex parte Emery*, 970 S.W.2d 144, 145-46 (Tex. App.—Waco 1998, no pet.). Thomas points to

a 1997 excessive-bail opinion, *Parker v. State,* No. 14-96-01544-CR, 1997 WL 197900, at \*2 n.4 (Tex. App.—Houston [14th Dist.] Apr. 24, 1997, no pet.) (not designated for publication), and to even older cases cited therein, but those dated cases and bond amounts are unpersuasive.

Although a defendant's ability to make bail is a factor for consideration, inability to make bail, even to the point of indigence, does not control over the other factors. *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); *Davis,* 147 S.W.3d at 548. Thomas could make a $25,000 bond.

Although not a factor, Thomas also points to his pretrial detention time (should he not be released on bail) and that, because of the trial court's crowded docket and the unavailability of a speedy trial, he should be released on a lower bail. But, nothing in the record indicates how long Thomas has been confined, when or if his case is set for trial, or how crowded and how much delay there is in the trial court.

The State asserts that the facts of the offense—especially Thomas's evading arrest—make him a flight risk, and that the high-speed chase and his abandonment of his car in a residential neighborhood while it was still moving evidence his being a danger to the community.

After considering the factors of article 17.15 and the record before us, we cannot say the trial court abused its discretion in refusing to reduce bail. *See McCullough,* 993 S.W.2d at 839. Accordingly, we overrule Thomas's sole issue and affirm the trial court's ruling.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed January 25, 2012
Do not publish
[CR25]