

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00362-CR
## No. 10-12-00363-CR

## EX PARTE WILLIAM CHARLES WEBB

### From the 54th District Court
### McLennan County, Texas
### Trial Court Nos. 2012-675-C2A and 2012-678-C2A

## MEMORANDUM OPINION

William Charles Webb is charged with a felony count in two cases: injury to a child, enhanced to a first-degree felony, and arson of a habitation, enhanced to a first-degree felony. His bail was set at $250,000 on each count. Webb filed an application for writ of habeas corpus seeking bail reduction in both cases, alleging that the $250,000 bail on each count was excessive. The trial court denied relief.

In three identical issues in each case,[1] Webb alleges that $250,000 is excessive and that the trial court abused its discretion in not lowering it to $5,000, an amount on which Webb could make a bail bond. We review a trial court's pretrial bail

---

[1] Each issue asserts that the trial court erred in denying Webb's request for bail reduction but cites a different constitutional or statutory basis.

determination under an abuse-of-discretion standard. *Ex parte Rubac,* 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Davis,* 147 S.W.3d 546, 548 (Tex. App.—Waco 2004, no pet.). A habeas applicant bears the burden of proving that his bail is excessive. *Rubac,* 611 S.W.2d at 849; *Davis,* 147 S.W.3d at 548.

Article 17.15 lists five factors to be considered in determining what bail is appropriate:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). Other pertinent factors include family and community ties, work history, length of residence in the county, prior criminal record, conformity with conditions of prior bonds, and any aggravating circumstances of the offense. *Rubac,* 611 S.W.2d at 849-50; *Davis,* 147 S.W.3d at 548. We will review the trial court's decision in light of the above factors.

"[B]ail should be set high enough to give reasonable assurance that the defendant will appear at trial." *Ex parte McCullough,* 993 S.W.2d 836, 837 (Tex. App.—Waco 1999, no pet.) (quoting *Ex parte Brown,* 959 S.W.2d 369, 371 (Tex. App.—Fort

Worth 1998, no pet.)). A defendant's ties to the community and work history bear on the adequacy of bail to give reasonable assurance he will appear. *See McCullough,* 993 S.W.2d at 837-38. Webb presented no evidence on his ties to the community or family, a stable residence, or his work history.

Bail set in a particular amount becomes "oppressive" when it is "based on the 'assumption that [the accused cannot] afford bail in that amount and for the express purpose of forcing [the accused] to remain incarcerated pending [trial].'" *McCullough,* 993 S.W.2d at 837 (quoting *Ex parte Harris,* 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.)). Nothing in the record indicates that the trial court rendered its decision on this basis. And although a defendant's ability to make bail is a factor for consideration, inability to make bail, even to the point of indigence, does not control over the other factors. *Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980); *Davis,* 147 S.W.3d at 548. Webb says he could make a $5,000 bond.

The State asserts that the allegations of the offenses support the trial court's decision not to reduce Webb's bail. According to the State, while Webb was out on bond on the injury-to-a-child count, he committed the arson offense against the home where the child lived in retaliation. Webb admitted at the hearing that he had been on an appeal bond when he was arrested on another case, but it is not clear what cases he was referring to. Along with considering the future safety of the victim of the alleged offense and the community, the trial court can consider that the defendant's commission of crimes while released on bail warrants a bail sufficient to ensure the safety of the community and the victim. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(5);

*Ex parte Jackson*, No. 14-10-00979-CR, 2011 WL 166933, at *5 (Tex. App.—Houston [14th Dist.] Jan. 13, 2011, no pet.) (mem. op., not designated for publication).

After considering the factors of article 17.15, the relevant case law, and the record before us, we cannot say the trial court abused its discretion in refusing to reduce bail. *See McCullough*, 993 S.W.2d at 839. Accordingly, we overrule all of Webb's issues in each case and affirm the trial court's ruling.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 2, 2013
Do not publish
[CR25]