ACCEPTED
06-14-00206-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/19/2014 5:21:49 PM
DEBBIE AUTREY
CLERK

NO. 06-13-00206-CR

IN THE
COURT OF APPEALS
FOR THE
SIXTH APPELLATE DISTRICT
OF
TEXAS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/30/2014 11:12:00 AM
DEBBIE AUTREY
Clerk

## EX PARTE: CINQUE ROSS

Appealed from the 188th District Court of Gregg County, Texas
Trial Cause No. 43,104-A

## BRIEF FOR APPELLANT CINQUE ROSS

Hough-Lewis ("Lew") Dunn
Attorney at Law
201 E. Methvin, Suite 102
P.O. Box 2226
Longview, Texas 75606
903-757-6711
FAX 903-757-6712
Texas State Bar No. 06244600
ATTORNEY FOR
APPELLANT

Appellant does not request oral argument

# NAMES OF ALL PARTIES AND THEIR COUNSEL

In order that the members of the court may determine whether they are disqualified to serve or should recuse themselves, Appellant certifies pursuant to Rule 38.1(a), TEX. R. APP. P., that the following is a complete list of the names of all parties to the trial court's judgment appealed from and the names and addresses of all trial and appellate counsel:

(a)   Cinque Ross
      Defendant/Appellant

(b)   Hough-Lewis ("Lew") Dunn, Attorney at Law
      P. O. Box 2226
      Longview, TX 75606
      (Appellant's Counsel at Bond Hearing and on Appeal)

( c )  Rick Hagan, Attorney at Law
      222 N. Fredonia
      Longview, TX 75601 (Appellant's Trial Counsel)

(d)    Carl Dorrough, Criminal District Attorney
      Gregg County Courthouse
      101 E. Methvin
      Longview, TX 75601

(e)    Debbie Garrett,  Assistant District
      Attorney Gregg County Courthouse
      101 E. Methvin
      Longview, TX 75601
      (State's Counsel at Trial and at Bond Hearing)

(f)    Zan Colson Brown  Assistant District Attorney
      Gregg County Courthouse
      101 E. Methvin
      Longview, TX 75601
      (State's Counsel on Appeal)

# TABLE OF CONTENTS

PAGE

NAMES OF ALL PARTIES AND THEIR COUNSEL ......................... ii

TABLE OF CONTENTS ................................................................. iii

INDEX OF AUTHORITIES .................................................................. iv

STATEMENT OF THE CASE ........................................................................ v

SOLE ISSUE PRESENTED…...…………………............................. vi

STATEMENT OF FACTS ................................................................. 1

       Testimony of Cinque Ross ................................................. 2

SUMMARY OF THE ARGUMENT.................................................. 3

ARGUMENT AND AUTHORITIES.................................................. 3

SOLE ISSUE, RESTATED .................................................... 3

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO
REDUCE THE BOND ON APPEAL

PRAYER FOR RELIEF ..........…......................................... 6

CERTIFICATE OF DELIVERY …................................................ 7

CERTIFICATE OF COMPLIANCE ...................................................... 8

# INDEX OF AUTHORITIES

CASES                                                                            PAGE

*Clemons v. State*, 220 S.W.3d 176 ................................................. 5
     (Tex. App – Eastland 2007, no pet.)

*Ex parte Beard*, 92 S.W.3d 566 ....................................................... 4
     (Tex. App. – Austin 2002, pet. ref'd)

*Ex parte Davis*, 147 S.W.3d 546 ................................................. 4
     (Tex. App. – Waco 2004, no pet.)

*Ex parte Emery*, 970 S.W.2d 144 ................................................. 5
     (Tex. App. – Waco 1998, no pet.)

*Ex parte Henson,* 131 S.W.3d 645 ................................................ 4
     (Tex. App. – Texarkana 2004, no pet.)

STATUTES

U.S. CONST.

     amend. VIII ...................................................................4

TEX. CONST.

     art. 1, § 13 ............................................................... 4

TEX. CODE CRIM. P.

     art. 17.15 ........................................................ 4[1]

---

[1] Note: Statutes refer to latest edition of Vernon's statutes, annotated.

**STATEMENT OF THE CASE**

This is an appeal of the denial of the trial court of Appellant's request to reduce the bond for appeal from $100,000.00 to a lesser amount that would be within his financial abilities, having been heretofore found guilty of the offense of unlawful possession of a firearm and sentenced to eight years, TDCJ. The appeal of the conviction has been perfected and filed in this Honorable Court under Cause No. 06-14-00157-CR.

**SOLE ISSUE PRESENTED**

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO REDUCE THE BOND ON APPEAL

NO. 06-14-00206-CR

IN THE COURT OF APPEALS
FOR THE
SIXTH APPELLATE DISTRICT OF TEXAS
AT TEXARKANA

EX PARTE: CINQUE ROSS

Appealed from the 124th District Court of Gregg County, Texas
Trial Cause No. 40,573-B

**BRIEF FOR APPELLANT**
**CINQUE ROSS**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW CINQUE ROSS, Appellant herein, and makes his appeal from the denial of the Trial Court to reduce his appeal bond from the amount of $100,000, and would show as follows:

**STATEMENT OF FACTS**

On July 9, 2014, there was a bench trial and at its conclusion, the Trial Court found Appellant guilty of felon in possession of a firearm. At the sentencing phase on August 4, 2014, the trial court sentenced him to eight years confinement in TDCJ  (Bond CR 6). Appellant indicated his desire to appeal, and the Trial Court set the appeal bond at $100,000.00 (Bond CR 5: entry on docket sheet).

1

Appellant filed an "Motion to Reduce Bond Appeal" on October 8, 2014. A hearing was set for October 30, 2014. At the hearing Appellant presented testimony of one witness.

Testimony of Cinque Ross

Appellant testified (RR 5). He was born in Longview, Texas, and sent most of his adult life there (RR 6). He then gave the names of his family members that reside in the Longview area: mother, father, brothers and extended family.

While the case was pending for trial, Appellant had made and honored a bond in the amount of $30,000, making all of his court appointments and hearings (RR 7).

Before his troubles in the present case, Appellant had worked and held steady employment for a well service company about 70 hours a week (RR 7). He believed that if he were released on bond, he would be able to return to that job (RR 8).

Appellant went on to state that, if the court were to impose restrictions and terms on the bond, that he would be able to comply with those, like wearing an ankle monitor, reporting to a probation officer, and drug testing (RR 8).

Appellant was concerned about his teen age son, and believed it would be beneficial for that young man to have him out of jail in order to help him (RR 8-9).

Appellant also was relied upon by his mother for assistance in her everyday chores around the house (RR 9).

2

Appellant was indigent and had no cash for making a bond in the amount of $100,000 (RR 9-10). However, he thought his family could put together $2500 as a bond premium toward an appeal bond (RR 10).

Finally, Appellant again stated that if he were allowed to make a reduced bond, he would comply with any reasonable terms and conditions that the Court might require (RR 10).

After concluding with his testimony, Appellant rested (RR 12). The State presented no evidence (RR 12). Argument followed (RR 12-14). The Trial Court then ruled that the appeal bond would remain at $100,000 and denied any reduction (RR 14; Bond CR 15).

## SUMMARY OF THE ARGUMENT

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING A REDUCTION IN APPEAL BOND, FOR THE FOLLOWING REASONS, AMONG OTHERS: APPELLANT IS INDIGENT AND DOES NOT HAVE THE FINANCIAL RESOURCES TO POST THE BOND AS SET BY THE TRIAL COURT; APPELLANT'S OFFENSE IS A LOWER TYPE OF FELONY GRADE OFFENSE AND HIS SENTENCE IS MINIMAL COMPARED TO OTHER FELONIES; HE HAS TIES TO THE COMMUNITY; HE IS NOT A FLIGHT RISK

## ARGUMENT AND AUTHORITIES

SOLE ISSUE, RESTATED: THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO REDUCE THE BOND ON APPEAL

It has been held that the burden is on the defendant to prove that bail is excessive. *Ex parte Henson,* 131 S.W.3d 645 (Tex. App. – Texarkana 2004, no pet.); *Ex parte Beard*, 92 S.W.3d 566 (Tex. App. – Austin 2002, pet. ref'd). Courts have also held that, although the trial court has discretion in setting bail, that discretion is not without limits, stating that bail in a particular amount can be oppressive if it is based upon the assumption that the accused cannot afford bail in that amount and for the express purpose of forcing the accused to remain in jail pending trial. *Ex parte Davis*, 147 S.W.3d 546 (Tex. App. – Waco 2004, no pet.). U.S. CONST. amend. VIII and TEX. CONST., art. 1, § 13, also provide prohibitions against excessive bail.

There are five areas that must be considered in setting bond, found in TEX. CODE CRIM. P., art. 17.15, including such things as:

(1) reasonable assurance that the undertaking will be complied with;

(2) bail not to be used as an instrument of oppression;

(3) the nature of the offense and its circumstances;

 (4) ability of the accused to make bail, and

(5) future safety of the victim and of the community.

Courts have also noted that there are other considerations to be evaluated:

    a. the punishment assessed

    b. accused's work record

    c. ties to the community

    d. length of residency

    e. prior criminal record

    f. conformity with prior bail bond requirements

    g. ability or inability to make a bail bond, and

    h. the existence of outstanding bail bonds

*See, Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App – Eastland 2007, no pet.);

*Ex parte Emery*, 970 S.W.2d 144 (Tex. App. – Waco 1998, no pet.).

The record in this case is quite clear: Appellant is without the financial resources to make the $100,000.00 appeal bond. He lacks any property but believed that his family could come up with a bond premium of $2500. While previously on bond, Appellant came to court when matters were set for hearings (CR 83). He is not a flight risk; he has ties to the community, and has been living in the community all of his adult life, employed full time.

The criminal statute under which he was convicted is a third degree felony. His sentence is eight years, poles apart from a maximum of life to 99 years that

5

might be assessed in a first degree felony.

There was no evidence that some other offense was outstanding or that Appellant was under some other bond. Appellant was ready to comply with reasonable terms and conditions of a bond.

After weighing all of the facts and circumstances of this particular case, and after considering the precedents that delineate the parameters for setting a fair and just bond, after considering the pros and cons, and after examining the interests of Appellant as well as the interests of the community, this Court should find that there was an abuse of discretion, that the appellate bail bond figure of $100,000.00 is excessive, and should reform the amount by setting a reasonable bond at a much lower figure, so that Appellant would have a reasonable possibility to make bond pending appeal, with any reasonable conditions that this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, CINQUE ROSS, Appellant, prays that, upon review of the issue presented, this Honorable Court of Appeals will find the amount of appellate bail bond of $100,000 is excessive and should be set at an amount within the financial abilities of Appellant, in keeping with the considerations as set by statute and as interpreted by precedent, and for such other and

6

further relief to which Appellant may be justly entitled.

Respectfully submitted,

HOUGH-LEWIS ("LEW") DUNN
Attorney at Law
201 E. Methvin, Suite 102
P.O. Box 2226
Longview, TX 75606
Tel. 903-757-6711
Fax 903-757-6712


 Hough-Lewis ("Lew") Dunn
HOUGH-LEWIS ("LEW") DUNN
Attorney for Appellant
State Bar License # 06244600

## CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the above and foregoing Brief for Appellant was sent by first class mail and/or hand-delivered and/or electronic transfer to the office of Hon Zan Colson Brown, Assistant Gregg County Criminal District Attorney, Gregg County Courthouse, 101 E. Methvin, Suite 333, Longview, Texas on this 19th day of December, 2014.


 Hough-Lewis ("Lew") Dunn
HOUGH-LEWIS ("LEW") DUNN

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with Rule 9, TEX. R. APP. PROC., regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 1,397 words.

/s/ Hough-Lewis ("Lew") Dunn
Hough-Lewis ("Lew") Dunn