Edward Thomas O'NEILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0052–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 22, 1982.

Hogan Stripling, Houston, for appellant.

John Kyles, Houston, for appellee.

Before EVANS, C. J., and WARREN and BASS, JJ.

PER CURIAM.

This is an appeal from an order entered in a habeas corpus proceeding in the 183rd District Court of Harris County setting bail at $100,000.

Appellant is charged with aggravated sexual abuse of a child, a first degree felony. Appellant has been confined in the Harris County jail since December 11, 1981, in lieu of bond. On December 29, 1981, appellant filed his application for a writ of habeas corpus which was granted. The Honorable District Court then conducted an examining trial on the amount of bond on January 8, 1982 and ordered that the bond remain at $100,000. It is from this order that appellant appeals.

In view of the record before us it appears that the trial court did not abuse its discretion in setting bail at $100,000.

There is no precise standard for reviewing bond settings on appeal. We are, of course, guided by Article 17.15, V.A.C.C.P., which provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

The primary purpose of an appearance bond is to secure the defendant's presence in court at his trial. *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Cr.App.1977); *Ex parte Clark*, 537 S.W.2d 40 (Tex.Cr.App. 1976). While bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, the power to require bail should not be used as an instrument of oppression. *Ex parte Bufkin*, 553 S.W.2d 116 (Tex.Cr.App.1977); *Ex parte Clark*, supra.

Appellant's brief correctly states that, in light of the purpose of bail, i.e., assuring compliance without being oppressive, the court should consider a petitioner's ties to the community and the circumstances under which the crime occurred. *Ex parte Parish*, 598 S.W.2d 872 (Tex.Cr.App. 1980). Here, we have a dead, fifteen-month-old girl whose body bore signs consistent with sexual abuse. A medical doctor testified that there were lacerations and contusions on the child's vagina and acid phosphatose present in her mouth and anus. The doctor testified that no spermatozoa was present in any body cavity, but that the presence of either spermatozoa or acid phosphatose in a body cavity is proof of sexual intercourse. He also testified that only about ten percent of the male population has no sperm in their ejaculate. No evidence was presented as to whether this appellant was in that category.

This court's role in a habeas corpus appeal is not to pass on petitioner's guilt or innocence. But, in light of the rule from *Ex parte Parish*, supra, the evidence is undisputed that this child was sexually abused and that appellant was shown to be the only sexually mature male with whom she had had contact that day.

The appellant's ties to this community are very important considerations in determining the amount of bond. This issue is considered in most cases wherein the Court of Criminal Appeals has reduced bond. *Ex parte Parish*, supra; *Ex parte Pemberton*, 577 S.W.2d 266 (Tex.Cr.App.1979); *Ex parte Ivey*, 594 S.W.2d 98 (Tex.Cr.App. 1980); *Ex parte Sandoval*, 576 S.W.2d 634 (Tex.Cr.App.1979). The appellant testified he had moved to Houston from Staten Island, New York and had lived here about five months. He had worked for a shipping company as a sales manager up until his arrest. His salary was $45,000 per year. Appellant is divorced and his ex-wife and three children still live in New York. Appellant testified that he has only a few household furnishings and checking and savings accounts with nominal balances. Otherwise, he has no family or other ties to Harris County or the State of Texas.

The burden of proof is on the appellant to show bail is excessive. *Ex parte Charlesworth*, 600 S.W.2d 316 (Tex.Cr.App. 1980). *Ex parte Vasquez*, supra. We hold appellant has not shown any reason why bail should be reduced. We affirm the trial court decision. Relief is denied.