# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00166-CR**
**NO. 09-18-00167-CR**
**NO. 09-18-00168-CR**
**NO. 09-18-00169-CR**
**NO. 09-18-00170-CR**
**NO. 09-18-00171-CR**
**NO. 09-18-00172-CR**

_____

**EX PARTE JUAN MANUEL CORONA**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 18-01-00151-CR, 18-01-00394-CR, 18-01-00395-CR,**
**18-01-00713-CR, 18-01-00714-CR, 18-01-01000-CR, & 18-02-01458-CR**

**MEMORANDUM OPINION**

Appellant Juan Manuel Corona appeals the trial court's denial of his pretrial habeas corpus applications requesting bail reduction in seven cases. We affirm.

Background

On March 27, 2018, a grand jury indicted Juan Manuel Corona on seven counts: four counts of sexual assault of a child for offenses against two children; one

1

count of aggravated sexual assault of a child; one count of sexual assault; and one count of sexual performance by a child. The indictments alleged offenses occurring as early as November of 2003 and as recently as January of 2018. Bond was set at $100,000 for four of the charges, at $75,000 for two of the charges, and at $50,000 for another charge.

On April 2, 2018, in each case, Corona filed an Application for Writ of Habeas Corpus requesting a reduction of his bail. In his applications, Corona argued that his current bond was excessive, oppressive, and beyond his financial means. Corona requested the trial court "reduce the amount of bond to a reasonable amount[.]" The trial court held a hearing on Corona's applications. The trial court signed orders denying bond reduction in two cases, reducing bond from $75,000 to $60,000 in two cases, and reducing bond from $100,000 to $60,000 in three cases. Corona appealed.

Evidence at the Hearing

Corona's mother testified at the hearing that she lives in Hondo, Texas, and that if Corona were released on bond, he would live with his father in Hondo. She explained that Corona had recently sold his house in The Woodlands, and he has no money, stocks, bonds, or vehicles. His mother testified that Corona is a certified mechanic, but that he has not worked since he has been in jail. His mother further explained that she and Corona's father had about $12,000 they could use to post

2

bond. Corona's mother also explained that she has a four-year-old adopted son. According to Corona's mother, Corona has kidney failure for which he receives treatment, his condition has worsened since he was incarcerated, and he is no longer eligible for disability benefits due to his incarceration. His mother also testified that he would appear at every hearing and would comply with all the conditions of bond placed upon him if released.

Corona's father testified that he lives in Hondo, Texas, with his sister and his other son, and that, if released on bond, Corona would live with him. Corona's father explained that there are no children living in his home.

A health services administrator for the jail provided medical records for Corona and testified that a person may receive medical care, including dialysis, while in jail. She also testified that she was aware that Corona is on dialysis.

The State explained that some of the charges against Corona were based on victim reports that Corona videotaped at least two children, had digitally penetrated two children, and had forced intercourse with a third victim. The State explained that Corona's conduct was "ongoing" and that "he is forcefully holding these children down while they are doing these acts, even when they are fighting back."

Corona requested that the $100,000 bonds be reduced to $20,000, that the $75,000 bonds be reduced to $15,000, and that the $50,000 bond be reduced to

$10,000 – for a total of $120,000 for all seven counts. Corona's attorney explained that $12,000 represented the amount Corona gained from the sale of his home. At the conclusion of the bail reduction hearing, the court explained as follows:

> . . . I am willing to lower all of the sexual assaults to $60,000 . . . . The rest of them I am leaving the same at this time. The ag sexual assault is still 100; the sexual performance is still 50.

Review of Trial Court's Setting of Bail

We have jurisdiction over an appeal from a trial court's merit-based denial of habeas proceedings. *See Ex parte Hargett*, 819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991). We review the denial of an application for writ of habeas corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Kniatt*, 206 S.W.3d at 664; *Klem*, 269 S.W.3d at 718. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially findings that are based on an evaluation of credibility and demeanor. *Klem*, 269 S.W.3d at 718. We afford the same deference to the trial court's rulings on the application of the law to fact questions when the resolution of those questions turns on an evaluation of credibility and demeanor. *Id.*

If the trial court's resolution of the ultimate issues turns on an application of legal standards, we review the determination de novo. *Id.*

Similarly, we review a trial court's ruling on the setting of bail under an abuse of discretion standard of review. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015) (affording a trial court discretion to set bail); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). The defendant has the burden to show the bail set by the trial court is excessive. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980). The trial court's ruling will not be disturbed if it is within the zone of reasonable disagreement. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

An appearance bond secures the presence of a defendant in court for trial. *Ex parte Rodriguez*, 595 S.W.2d at 550. The United States and Texas Constitutions prohibit excessive bail. U.S. Const. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13; *Ex parte Sabur-Smith*, 73 S.W.3d 436, 439 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (The right to reasonable bail is protected by the United States and Texas Constitutions.). The trial court should set bail sufficient to provide reasonable assurance the defendant will appear at trial, but not so high as to be oppressive. *See* Tex. Code Crim. Proc. Ann. art. 17.15(1), (2); *Ex parte Ivey*, 594 S.W.2d 98, 99

(Tex. Crim. App. 1980). Bail is excessive if it is "set in an amount greater than [what] is reasonably necessary to satisfy the government's legitimate interests." *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd) (citing *United States v. Salerno*, 481 U.S. 739, 753-54 (1987)). When setting the amount of bail, the trial court weighs the State's interest in assuring the defendant's appearance at trial against the defendant's presumption of innocence. *Id.* The amount of bail may be deemed oppressive when the trial court sets the bail at an amount "for the express purpose of forcing [a defendant] to remain incarcerated[.]" *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.).

To determine whether the trial court abused its discretion, we consider the rules found in article 17.15 of the Code of Criminal Procedure as well as the factors set out in *Rubac*. *See* Tex. Code Crim. Proc. Ann. art. 17.15; *Ex parte Rubac*, 611 S.W.2d at 849-50. The Texas Legislature has imposed the following statutory requirements:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.

6

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15.

When setting the amount of bail, the trial court may also give consideration to such factors as (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *See Maldonado v. State*, 999 S.W.2d 91, 93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (citing *Ex parte Rubac*, 611 S.W.2d at 849-50).

## Analysis

In a single issue, Corona argues that the trial court "failed to weigh the [] presumption of innocence" when setting bail, that he and his family are unable to post a bond at the current level, and that Corona's medical condition "is making it impractical to maintain his health while incarcerated and he fears he will be unable to live long enough to defend himself in court."

Here, Appellant is charged with seven felonies involving sexual assault, of which six are offenses against children. The charge of aggravated sexual assault of a child is a first-degree felony punishable by confinement up to ninety-nine years or for life. *See* Tex. Penal Code Ann. §§ 12.32(a) (West 2011), 22.021(a) (West Supp. 2017). The charged offenses span a timeframe from 2003 to 2018. We conclude that the nature of the offenses, the possible punishment, and the safety of the community weigh against reduction in bail. *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("The primary factors to be considered in assessing the reasonableness of bail are the nature of the offenses and the punishments that may be imposed.") (citing *Ex parte Rubac*, 611 S.W.2d at 849); *see also* Tex. Code Crim. Proc. Ann. art. 17.15.[1]

Appellant did not testify concerning his ability to make bond. His mother testified that she would be able to afford a $120,000 bond. While ability to make bail

---

[1] *See also, e.g.*, *Ex parte Bennett*, No. 2-07-175-CR, 2007 Tex. App. LEXIS 8292, at **1, 11-12 (Tex. App.—Fort Worth Oct. 18, 2007, no pet.) (mem. op., not designated for publication) (bail totaling $600,000 for three counts of aggravated sexual assault of a child not excessive); *Ex parte Ochoa*, Nos. 01-04-00238-CR, 01-04-00239-CR & 01-04-00240-CR, 2004 Tex. App. LEXIS 5817, at **1, 9-10 (Tex. App.—Houston [1st Dist.] July 1, 2004, pet. ref'd) (mem. op., not designated for publication) (total of $300,000 in bail for three counts of indecency with a child not excessive); *Clemons v. State*, 220 S.W.3d 176, 179 (Tex. App.—Eastland 2007, no pet.) (total of $400,000 in bail appropriate for two counts of indecency with a child and two counts of aggravated sexual assault of a child).

is a factor to be considered, ability alone, even indigency, does not control the amount of bail. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing *Ex parte Penagos*, 810 S.W.2d 796, 798 (Tex. App.—Houston [1st Dist.] 1991, no pet.)). For a defendant to show that he is unable to make bail, he must generally show that his funds and his family's funds have been exhausted. *Ex parte Willman*, 695 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (citing *Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim. App. 1975)). Unless a defendant has shown that his funds have been exhausted, he must usually show that he made an unsuccessful effort to furnish bail before bail can be determined excessive. *Id.* Here, Corona did not provide any evidence showing that he had made any efforts to secure a bond. *See id.*; *Clemons*, 220 S.W.3d at 179 (upholding bonds totaling $400,000 where defendant was charged with four sex offenses against children in part because defendant presented no evidence he had personally attempted to secure a bond). On this record, the trial court would not have erred in concluding that Corona failed to make such a showing.

Appellant's mother and father testified that Corona would live with his father in Hondo, Texas, if Corona was released on bond. Corona's mother testified that Corona is not employed and that he has sold his home in The Woodlands. The trial court would not have erred in concluding that the record does not support a

conclusion that Corona has strong ties to the community. *See O'Neill v. State*, 635 S.W.2d 166 (Tex. App.—Houston [1st Dist.] 1982, no pet.) (affirming bond in the amount of $100,000 for a first-degree felony of aggravated sexual abuse of a child in part because the defendant had lived in the county for only five months and had no family ties).

As to Appellant's argument that the trial court failed to give due consideration to the presumption of innocence, Appellant does not provide supporting citations to the record. *See* Tex. R. App. P. 38.1(i). We note that, at the hearing, the trial court asked the State, "May I have some brief probable cause?" In response, counsel for the State provided an explanation of the offenses charged. The trial court could have reasonably regarded the State's explanation as relevant to the nature of the offenses charged, and the record does not support Appellant's argument that the trial court did not duly consider the presumption of innocence.

With respect to Appellant's argument that his "condition is making it impractical to maintain his health while incarcerated[,]" Appellant fails to cite to any legal authority indicating that his health treatment justifies a reduction in his bail. *See id.* In his appellate brief, Appellant cites to a document admitted at the hearing titled "Refusal of Clinical Services" that indicates Corona refused certain medication on February 4, 2018. The cite to the record provided by Corona does not support his

argument. Rather, according to the record before us, a health services administrator testified at the hearing that persons in custody at the jail are able to receive medical care, including dialysis. We cannot say that the trial court abused its discretion or that any health concern of Corona's outweighs the article 17.15 and *Rubac* factors. Tex. Code Crim. Proc. Ann. art. 17.15; *Ex parte Rubac*, 611 S.W.2d at 849-50.

On this record, Appellant has not met his burden to demonstrate that the bail fixed by the trial court is excessive. Based on the evidence before the trial court in this case, the trial court reasonably could have concluded that the amount of each bond for each of the alleged offenses was justified by the nature of the offenses, the potentially lengthy sentences, and Corona's lack of strong ties to the community. *See Ex parte Rubac*, 611 S.W.2d at 849. Furthermore, the evidence does not support a conclusion that Corona had exhausted his funds in an effort to furnish bail. *See Willman*, 695 S.W.2d at 754. We conclude the trial court did not abuse its discretion in setting bonds in the total amount of $475,000 for the seven offenses for which Corona is charged and in refusing to reduce the bonds further. *See* Tex. Code Crim. Proc. Ann. art. 17.15; *Ex parte Rubac*, 611 S.W.2d at 849-50. We overrule Appellant's issue and affirm the trial court's orders.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 9, 2018
Opinion Delivered September 26, 2018
Do Not Publish

Before McKeithen, C.J., Horton, and Johnson, JJ.