**AFFIRMED and Opinion Filed July 1, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-24-00221-CR**

## EX PARTE JHAN CARLOS FERNANDEZ

**On Appeal from the 452nd District Court**
**Edwards County, Texas**
**Trial Court Cause No. 4396**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Miskel

Jhan Carlos Fernandez appeals the trial court's order denying relief on his pretrial application for writ of habeas corpus seeking a reduction in his bond. In a single issue, appellant contends the trial court abused its discretion in refusing to reduce his bond.[1] Finding no abuse of discretion, we affirm the trial court's order.

### BACKGROUND

The State indicted appellant for murder, three counts of smuggling of a person causing serious bodily injury or death, and aggravated assault with a deadly weapon.

---

[1]The appeal was transferred from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3. TEX. R. APP. P. 41.3.

The trial court set appellant's bail at $445,000 for all of the charges. Appellant then filed a pretrial application for habeas corpus requesting his bail be reduced.

The trial court conducted a hearing on appellant's bail reduction request. The only testimony presented was that of appellant. Appellant also introduced two written statements into evidence. From appellant's testimony and his written statements, the trial court learned that at the time appellant was indicted on the underlying charges, he was not in custody. Accordingly, a warrant for his arrest was issued. Appellant was eventually located in the State of New York and was extradited to Texas after he was adjudicated on charges pending in New York.

At the hearing on appellant's habeas writ, he testified that if he were able to make bail he would immediately return to New York. Appellant further testified that he does not own any real property, bank or saving accounts, or anything of value to sell to raise money for his bond. Appellant stated that "so far" his family had raised $2,000 to put towards his bail. Finally, appellant admitted that he had been arrested for robbery and receiving stolen property prior to facing the underlying charges.

At the conclusion of the hearing, the trial court denied relief and ordered the bail amount to remain as set.

### STANDARD OF REVIEW AND RELEVANT LAW

An applicant for habeas corpus relief must prove the applicant's claims by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most

favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id.* The trial court, as fact finder at the writ hearing, is the exclusive judge of witness credibility. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's factual findings when those findings are based upon credibility and demeanor. *Id.* If, however, the trial court's determinations are questions of law, or else are mixed questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we owe no deference to the trial court's determinations and review them de novo. *State v. Ambrose*, 487 S.W.3d 587, 596–97 (Tex. Crim. App. 2016).

In a habeas challenge to the amount of bail, it is the accused's burden of proof to show that the bail set by the trial court is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981). The primary purpose of a bond is to secure the accused's presence at trial. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The code of criminal procedure provides:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate, or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered. . . .

TEX. CODE OF CRIM. PROC. ANN. art. 17.15.

In determining a reasonable bail, courts may also consider an accused's work record, family and community ties, length of residency, prior criminal record, conformity with previous bond conditions as well as the existence of any other bonds, any aggravating circumstances of the charged offense, and the punishment range for the charged offense. *See Rubac*, 611 S.W.2d at 849–50; *Ex parte Miller*, 442 S.W.3d 478, 482 (Tex. App.—Dallas 2013, no pet.). The accused's ability to make bail, while a factor to consider, is not decisive, even in the case of indigency. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

## ANALYSIS

After reviewing the factors below, we cannot conclude the trial court abused its discretion in denying appellant's request to reduce his bail. We begin our discussion with the nature of the offense and potential sentence.

### 1. Nature of the Offense and Potential Sentence

The nature of the appellant's alleged offenses and the length of his potential sentence are the "primary factors" we consider in evaluating a bail decision. *Ex parte*

*Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pets. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 17.15(a)(3); *Rubac*, 611 S.W.2d at 849. Here, these factors weigh in favor of a reasonably high bail.

Appellant is charged with multiple first-degree felonies and one second-degree felony. The State indicted appellant for the offenses of murder and smuggling of persons causing bodily injury or death. *See* TEX. PEN. CODE ANN. §§ 19.02 (b)(3); 20.05 (a). These offenses are felonies of the first degree. *Id.* §§§ 19.02 (c); 20.05 (b)(2)(B). A first-degree offense carries a sentence of five to ninety-nine years or life and fine not to exceed $10,000. *Id.* § 12.32 (a), (b). But the offense of smuggling of persons—causing bodily injury or death—carries a minimum term of imprisonment of ten years. *Id.* § 20.05 (b)(2)(B).

Appellant was also indicted for the offense of aggravated assault with a deadly weapon—a second-degree-felony offense. *See id.* §§ 22.02 (a)(2). This offense carries a sentence of two to twenty years and a fine not to exceed $10,000. *Id.* § 12.33 (a), (b).

The prospect of a potentially lifelong sentence heightens "the importance of setting bail sufficiently high to secure [appellant's] appearance at trial." *Ex parte Rotter*, No. 02-21-00016-CR, 2021 WL 2006313, at *3 (Tex. App.—Fort Worth May 20, 2021, no pet.) (mem. op., not designated for publication) (affirming $750,000 bail for murder); *see Ex parte Scott*, 122 S.W.3d 866, 869 (Tex. App.—

Fort Worth 2003, no pet.) (recognizing that "the accused's reaction to the prospect of a lengthy sentence might be to not appear").

The serious nature of the charged offenses and the high sentence appellant could receive if convicted weighs in favor of a reasonably high bail amount. *See Ex parte Hanson*, No. 02-22-00045-CR, 2022 WL 1496533, at *3-4 (Tex. App.—Fort Worth May 12, 2022, no pet.) (mem. op., not designated for publication) (concluding similarly in review of $1 million murder bail).

### 2. Appellant's Ties to the Community

A defendant's ties to the community in which he lives can be an assurance he will appear in court for trial. *See Richardson v. State*, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.); *see also Ex parte Clark*, 635 S.W.2d 202, 204 (Tex. App.—San Antonio 1982, no pet.). A court's review of this factor includes an assessment of the defendant's residence history, family's ties to the community, and work history. *See Rubac*, 611 S.W.2d at 849. Appellant's testimony at the habeas hearing demonstrated that neither he nor his family has any ties to the community and that he planned to leave Texas and return to New York as soon as he made bail.

Appellant testified he moved to Texas in 2021 because he wanted to start his own marketing office. There is no evidence, however, that appellant actually ever opened an office or worked in Texas at any time in any job.

According to his written statements, at the time the underlying offenses occurred, he was in Texas. Soon after, however, he moved to New York.

Accordingly, Texas was forced to extradite appellant from New York to face the murder, smuggling, and aggravated assault with a deadly-weapon charges.

During his testimony, appellant unequivocally testified that if he were able to post bond, he would immediately leave Edwards County and Texas and return to New York. Finally, appellant explained that his only close-knit family lives in New York.

In sum, appellant offered no evidence to support a finding that he has any ties to Edwards County or the State of Texas. Accordingly, the trial court would not have erred in concluding that the record does not support a conclusion that appellant has strong ties to the community. *See O'Neill v. State*, 635 S.W.2d 166, 167 (Tex. App.—Houston [1st Dist.] 1982, no pet.) (affirming trial court's denial of appellant's request to lower his bond in part because the appellant had lived in the county for only five months and had no family ties). This factor weighs in favor of a reasonably high bail amount.

### 3. Safety Risk

The "future safety of a victim of the alleged offense, law enforcement, and the community shall [also] be considered" in the bail analysis. TEX. CODE CRIM. PROC. ANN. art. 17.15(a)(5). The allegation that appellant committed a murder raises a generalized concern for the community's safety. *Cf. Hanson*, 2022 WL 1496533, at *4 (acknowledging defendant's commission of alleged murder raised generalized safety concern). Moreover, we note appellant's offenses were committed against

four victims, and one died while three suffered serious bodily injury. Additionally, during the hearing, appellant admitted he had committed prior offenses against at least one other victim in New York when he was charged with robbery and receiving stolen property. This factor weighs in favor of a reasonably high bail amount.

### 4. Appellant's Prior Criminal Record

Appellant testified about several prior arrests, with at least one resulting in a conviction for larceny. In fact, appellant was in New York's custody when Texas attempted to extradite him. Appellant was not returned to Texas until after he was adjudicated on the New York charges. That appellant has a prior criminal record weighs in favor of a reasonably high bail amount.

### 5. Appellant's Ability to Make Bail

Appellant requested the trial court to reduce his bond because he can only pay $2,000 towards bail. The ability or inability of an accused to make bail, however, even indigency, does not alone control in determining the amount of bail. *Ex parte Charlesworth*, 600 S.W.2d at 317; *Ex parte Branch*, 553 S.W.2d 380, 382 (Tex. Crim. App. 1977). If the ability to make bond in a specified amount controlled, the role of the trial court in setting bond would be completely eliminated, and the accused would be in the position to determine what his bond should be. *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd).

Appellant testified that he does not own any real property, bank or saving accounts, or anything of value that he could sell to raise money for his bond. Additionally, appellant stated that his family had raised $2,000 for his bail "so far."

The evidence shows that appellant himself made no effort to determine whether he could obtain a bond to make bail. *See id*. ("it was incumbent on the accused (applicant) to show that *he* had made an effort to furnish bail in the amount set."). Nevertheless, his testimony indicates that he does not have the financial resources to make the bond. Appellant testified that his family had raised $2,000 "so far" to put towards his bail amount. Based on that testimony, the trial court may have determined that appellant failed to show that he could not obtain a bond on the basis of his family raising additional resources. Thus, the trial court could have determined the evidence supports maintaining the present bail amount. Even if appellant had established that he could not make bail, however, this element would not control over all other considerations. *See Ex parte Charlesworth*, 600 S.W.2d at 317.

**The Bail Amounts are not Unreasonable**

Beyond an examination of the factors used to determine the reasonableness of a defendant's bail, we note that the bail amounts ($100,000 for murder, $310,000 for the smuggling offenses, and $35,000 for aggravated assault with a deadly weapon) set by the trial court are actually less than in other cases involving a defendant charged with multiple felony offenses or a defendant charged with a first-degree felony offense. *See Ex parte Dupuy*, 498 S.W.3d 220, 233 (Tex. App.—Houston

[14th Dist.] 2016, no pet.) (holding that review of bail set in other cases may be instructive). For instance, in other murder cases, $500,000 for bail has been held not to be excessive. *See Ex parte Davis*, 147 S.W.3d 546, 547, 552-53 (Tex. App.—Waco 2004, no pet.) (reversing trial court's bail amount of $1,000,000 for murder and rendering bail at $500,000 for one defendant and $750,000 for a co-defendant); *Ex parte White*, 01–02–00480–CR, 2002 WL 1933721 (Tex. App.—Houston [1st Dist.] Aug. 22, 2002, no pet.) (not designated for publication) (affirming the trial court's reduction of bail from $500,000 to $475,000 for defendant charged with murdering his wife). Moreover, $200,000 has been held to not be outside the range of reasonable disagreement for bail on a charge of aggravated assault with a deadly weapon. *See Ex parte Hanson*, No. 03-18-00795-CR, 2019 WL 1065897, at *4 n.5 (Tex. App.—Austin Mar. 7, 2019, no pet.) (mem. op., not designated for publication); *Ex parte Owen*, No. 10-16-00188-CR, 2016 WL 6953107, at *3–4 (Tex. App.—Waco Nov. 23, 2016, no pet.) (mem. op., not designated for publication) (upholding bail of $1 million for assault with bodily injury despite the fact that "the victim testified that she was not afraid of [the defendant] and was not even certain that he had committed the offense against her").

Appellant had the burden to show that the bail amounts set by the trial court in his two cases were excessive. *See Ex parte Rubac*, 611 S.W.2d at 849. Given the balance of all the relevant factors discussed above, we cannot conclude that the trial court erred by setting appellant's bail at $100,000 for murder, $310,000 for the

smuggling offenses, and $35,000 for the aggravated assault with a deadly weapon

offense

We overrule appellant's sole issue and affirm the trial court's order denying

appellant's pretrial application for writ of habeas corpus.

/Emily Miskel/

EMILY MISKEL
JUSTICE

Do Not Publish
Tex. R. App. P. 47
240221F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JHAN CARLOS
FERNANDEZ

No. 05-24-00221-CR

On Appeal from the 452nd District
Court, Edwards County, Texas
Trial Court Cause No. 4396.
Opinion delivered by Justice Miskel.
Justices Reichek and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered July 1, 2024